# EXHIBIT A



**LDD / ALL**
**Transmittal Number: 25163423**
**Date Processed: 07/05/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Sheryl Arneson<br>3M Company<br>3M Center<br>Bldg 220-9E-02 220-10W/F06<br>Saint Paul, MN 55144-1000 |
| **Electronic copy provided to:** | Canhnha Luu<br>Cheryl Muellner |

| | |
|---|---|
| **Entity:** | 3M Company<br>Entity ID Number  3571748 |
| **Entity Served:** | 3M Company |
| **Title of Action:** | Thomas E. McKinnon vs. Applied Industrial Technologies, as successor in interest to UZ Engineered Products |
| **Matter Name/ID:** | Thomas E. McKinnon vs. Applied Industrial Technologies, as successor in interest to UZ Engineered Products (12520055) |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Orange County Superior Court, CA |
| **Case/Reference No:** | 30-2020-01168045-CU-TT-CXC |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/01/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Metzger Law Group<br>562-437-4499 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically Filed by Superior Court of California, County of Orange, 10/30/2020 04:37:21 PM.
30-2020-01168045-CU-TT-CXC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk.

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | |

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** APPLIED INDUSTRIAL TECHNOLOGIES, as
*(AVISO AL DEMANDADO):* successor in interest to UZ Engineered Products,
an Ohio corporation; COTTO-WAXO COMPANY, a Missouri corporation;
ECLECTIC PRODUCTS LLC, as successor in interest to Eclectic Products,
Inc. an Oregon limited liability company; HENRY COMPANY LLC, a
California limited liability company;
**ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED**

**YOU ARE BEING SUED BY PLAINTIFF:** THOMAS E. MCKINNON and
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* RENEE L. MCKINNON

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>751 W. Santa Ana Boulevard<br><br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2020-01168045-CU-TT-CXC<br><br>Judge William Claster |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott P. Brust, Esq. (SBN 215951)          562.437.4499          562.436.1561
METZGER LAW GROUP
555 E. Ocean Boulevard, Suite 800          DAVID H. YAMASAKI, Clerk of the Court
Long Beach, CA 90802

| DATE:<br>*(Fecha)* 10/30/2020 | Clerk, by<br>*(Secretario)* *Alosse*<br>Sarah Loose | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* 3M COMPANY, a Delaware corporation sued herein as DOE 4

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions<br>⚖ Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

**SUM-200(A)**

| SHORT TITLE:  MCKINNON v. APPLIED INDUSTRIAL TECHNOLOGIES, et al. | CASE NUMBER:<br>30-2020-01168045-CU-TT-CXC |
|---|---|

### INSTRUCTIONS FOR USE

→  This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→  If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons:  "Additional Parties Attachment form is attached."

List additional parties (*Check only one box. Use a separate page for each type of party.*):

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

KESTER LLC, is an Illinois limited liability company; THE LIGHTHOUSE FOR THE BLIND (LHB INDUSTRIES), a Missouri corporation; LSPS INC., as successor in interest to Dymon, Inc. a Delaware corporation; MOMAR, INCORPORATED, as successor in interest to Superco Specialty Products. a Georgia corporation; OMEGA INDUSTRIAL SUPPLY, INC., a California corporation; RUST-OLEUM CORPORATION, an Illinois corporation; and DOES 1 through 100, inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal
Solutions
& Plus

Electronically Filed by Superior Court of California, County of Orange, 06/30/2022 01:07:00 PM.
30-2020-01168045-CU-TT-CXC - ROA # 183 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.:215951<br>NAME: Scott P. Brust<br>FIRM NAME:METZGER LAW GROUP<br>STREET ADDRESS: 555 E. Ocean Boulevard, Suite 800<br>CITY: Long Beach                          STATE: CA        ZIP CODE:90802<br>TELEPHONE NO.: 562-437-4499          FAX NO.:562-436-1561<br>E-MAIL ADDRESS: sbrust@toxictorts.com<br>ATTORNEY FOR *(name)*: THOMAS E. MCKINNON and RENEE L. MCKINNON | *FOR COURT USE ONLY* |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701<br>☒ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701<br>☐ Harbor- Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-4593 | |
|---|---|

| PLAINTIFF:THOMAS E. MCKINNON and RENEE L. MCKINNON<br><br>DEFENDANT:APPLIED INDUSTRIAL TECHNOLOGIES, et al. | CASE NUMBER:30-2020-01168045 |
|---|---|

| **AMENDMENT TO ☒ COMPLAINT ☐ CROSS-COMPLAINT** | Case assigned to:<br>Judge:William Claster<br>Department:CX-104<br>Date complaint filed:10/30/2020<br>Hearing/trial date:05/08/2023 |
|---|---|

**FICTITIOUS NAME UNDER SECTION 474, CODE OF CIVIL PROCEDURE (NO ORDER REQUIRED)**

I have discovered the true name of ☒ Doe 4 ☐ Roe_____ to be 3M COMPANY, a Delaware corporation _____

_____

The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: June 29, 2022 _____

Scott P. Brust _____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY)

**INCORRECT NAME UNDER SECTION 473, CODE OF CIVIL PROCEDURE (ORDER REQUIRED)**

The complaint/cross-complaint incorrectly named the defendant/cross-defendant as_____

I have discovered the true name of the party to be _____

_____

I request the complaint/cross-complaint be amended to reflect the true name wherever it appears in the pleading.

Date: _____

_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY)

**ORDER**
The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date:_____

_____
JUDICIAL OFFICER

Approved for Optional Use
L-0132 (Rev. March 2019)          **AMENDMENT TO COMPLAINT/CROSS-COMPLAINT**          Code of Civil Procedure,
                                                                                        §§ 473, 474

| SHORT TITLE: MCKINNON v. APPLIED INDUSTRIAL TECHNOLOGIES, et al. | CASE NUMBER: 30-2020-01168045 |
|---|---|

## ATTACHMENT TO AMENDMENT TO COMPLAINT

**DOE NO. 4**

3M COMPANY, a Delaware corporation, is being sued as the manufacturer/supplier of the following products:

        3M AFFF 3%

        3M AFFF 6%

and other products to be determined in discovery.

*(Required for verified pleading)*  The items on this page stated on information and belief *(specify item numbers, **not** line numbers):*

This page may be used with any Judicial Council form or any other paper filed with this court.  Page 2

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]
Optional Form

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

Legal
Solutions
Plus

CRC 201, 501

F:\WP\Cases\1777\casecap.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**ELECTRONIC PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES)

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and am not a party to the within action.  My business address is 555 E. Ocean Blvd., 8th Floor, Long Beach, CA 90802.

   On June 30, 2022, I served the foregoing document, described as: **AMENDMENT TO COMPLAINT- DOE 4** on the interested parties to this action by submitting an electronic version of the document via FTP upload to File&ServeXpress pursuant to the Court's Order.

   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

   Executed on June 30, 2022, at Long Beach, California.


                                        Nina S. Vidal, Declarant

**PROOF OF SERVICE**

F:\WP\Cases\1777\casecap.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

SERVICE LIST
(*McKinnon v. Applied Industrial Technologies,*
Case No. 30-2020-01168045-CU-TT-CXC)

-o0o-

Karen M. Sullivan, Esq.
Amber K. Kristedja, Esq.
Manning Gross + Massenburg LLP
400 Spectrum Center Dr., Suite 1450
Irvine, CA 92618
(Rust-Oleum Corporation)

Thomas J. Tobin, Esq.
Matthew Nugent, Esq.
Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
(Lighthouse for the Blind [LHB Industries, Inc.])

Gerald E. Hawxhurst, Esq.
Kyle Foltyn-Smith, Esq.
Hawxhurst LLP
11111 Santa Monica Blvd., Suite 620
Los Angeles, CA 90025
(Kester LLC)

Thomas J. Tobin, Esq.
Matthew Nugent, Esq.
Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
(Eclectic Products, LLC)

Brian M. Ledger, Esq.
Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
(Momar Incorporated)

Karl S. Thurmond, Esq.
Law Offices of Karl S. Thurmond
11777 San Vicente Blvd., Suite 890
Los Angeles, CA 90049
(Henry Company LLC)

Guy R. Gruppe, Esq.
Eric P. Weiss, Esq.
Joshua W. Praw, Esq.
Murchison & Cumming, LLP
801 S. Grand Ave., 9th Flr.
Los Angeles, CA 90017-4613
(Omega Industrial Supply, Inc.)

Lindsay Weiss, Esq.
Hilda A. Akopyan, Esq.
Manning Gross + Massenburg LLP
444 S. Flower St., Suite 2150
Los Angeles, CA 90071
(Illinois Tool Works Inc.)

John D. Barrett, Esq.
Parker • Stanbury LLP
444 S. Flower St., 19th Flr.
Los Angeles, CA 90071
(Cotto-Waxo Company)

Susan W. Gilefsky, Esq.
Mary T. McKelvey, Esq.
Matthew S. O'Brien, Esq.
Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(Arkema, Inc.)

Updated 03/23/22 nsv

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**PROOF OF SERVICE**

Case 8:22-cv-01398-JVS-DFM Document 1-1 Filed 07/28/22 Page 9 of 82 Page ID #:24
Electronically Filed by Superior Court of California, County of Orange, 10/30/2020 04:37:21 PM.
30-2020-01168045-CU-TT-CXC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Scott P. Brust, Esq. (SBN 215951)<br>METZGER LAW GROUP<br>555 E. Ocean Boulevard, Suite 800<br>Long Beach, CA 90802<br>TELEPHONE NO.: 562.437.4499    FAX NO.: 562.436.1561<br>ATTORNEY FOR (Name): THOMAS E. MCKINNON and RENEE L. MCKINNON | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 W. Santa Ana Boulevard
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: CIVIL COMPLEX CENTER

CASE NAME: MCKINNON v. APPLIED INDUSTRIAL TECHNOLOGIES, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2020-01168045-CU-TT-CXC<br>JUDGE: Judge William Claster<br>DEPT: CX104 |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [x] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): Six (6)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 30, 2020

Scott P. Brust, Esq. (SBN 215951)
_____
(TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CIVIL CASE COVER SHEET    Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

Case 8:22-cv-01398-JVS-DFM Document 1-1 Filed 07/28/22 Page 11 of 82 Page ID #:26
Electronically Filed by Superior Court of California, County of Orange, 10/30/2020 04:37:21 PM.
30-2020-01168045-CU-TT-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk.

F:\WP\Cases\1777\PLEAD\DOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

1 | METZGER LAW GROUP
    A PROFESSIONAL LAW CORPORATION
2 | RAPHAEL METZGER, ESQ., SBN 116020
    SCOTT P. BRUST, ESQ., SBN 215951
3 | 555 E. OCEAN BLVD., SUITE 800
    LONG BEACH, CA 90802
4 | TELEPHONE: (562) 437-4499
    TELECOPIER: (562) 436-1561
5 | WEBSITE: www.toxictorts.com

6 | Attorneys for Plaintiffs,
    THOMAS E. MCKINNON and RENEE L. MCKINNON

7

8 |              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |            FOR THE COUNTY OF ORANGE, COMPLEX CIVIL CENTER

10

11 | THOMAS E. MCKINNON and RENEE L.     | CASE NO.  30-2020-01168045-CU-TT-CXC
     MCKINNON,
12 |                                      | COMPLAINT FOR TOXIC INJURIES
                    Plaintiffs,          | ASSERTING CAUSES OF ACTION
13 |                                      | FOR:
              vs.
14 |                                      | (1)  GENERAL NEGLIGENCE;
     APPLIED INDUSTRIAL                   | (2)  STRICT LIABILITY - FAILURE
15 | TECHNOLOGIES, as successor in interest|      TO WARN
     to UZ Engineered Products, an Ohio   | (3)  STRICT LIABILITY - DESIGN
16 | corporation; COTTO-WAXO              |      DEFECT;
     COMPANY, a Missouri corporation;     | (4)  FRAUDULENT
17 | ECLECTIC PRODUCTS LLC, as            |      CONCEALMENT;
     successor in interest to Eclectic Products,| (5)  BREACH OF IMPLIED
18 | Inc. an Oregon limited liability company;|      WARRANTIES
     HENRY COMPANY LLC, a California      | (6)  LOSS OF CONSORTIUM
19 | limited liability company; KESTER LLC,
     is an Illinois limited liability company;| DEMAND FOR JURY TRIAL [MADE
20 | THE LIGHTHOUSE FOR THE BLIND        | PURSUANT TO CALIFORNIA CODE
     (LHB INDUSTRIES), a Missouri         | OF CIVIL PROCEDURE §§ 600 ET
21 | corporation; LSPS INC., as successor in| SEQ. AND PURSUANT TO RULE 38 OF
     interest to Dymon, Inc. a Delaware   | THE FEDERAL RULES OF CIVIL
22 | corporation; MOMAR,                  | PROCEDURE SHOULD THIS CASE
     INCORPORATED, as successor in interest| EVER BE REMOVED TO FEDERAL
23 | to Superco Specialty Products, a Georgia| COURT]
     corporation; OMEGA INDUSTRIAL
24 | SUPPLY, INC., a California corporation;| Assigned for all purposes to: Judge William Claster
     RUST-OLEUM CORPORATION, an
25 | Illinois corporation; and DOES 1 through|          Dept: CX104
     100, inclusive,
26 |                                      |
                    Defendants.
27

28

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

_____
            COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

F:\WP\Cases\1777\PLEAD\DOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

Plaintiffs, THOMAS E. MCKINNON and RENEE L. MCKINNON, hereby allege:

## THE PARTIES

1.   At all material times hereto, Plaintiffs, THOMAS E. MCKINNON and RENEE L. MCKINNON, have been married and residing in the County of Orange, State of California.

2.   Plaintiffs are informed and believe and thereon allege that Defendant, Applied Industrial Technologies, as successor in interest to UZ Engineered Products, is an Ohio corporation, which at all material times hereto, was doing business in the County of Orange, State of California.

3.   Plaintiffs are informed and believe and thereon allege that Defendant, Cotto-Waxo Company, is a Missouri corporation, which at all material times hereto, was doing business in the County of Orange, State of California.

4.   Plaintiffs are informed and believe and thereon allege that Defendant, Eclectic Products LLC, as successor in interest to Eclectic Products, Inc. is an Oregon limited liability company, which at all material times hereto, was doing business in the County of Orange, State of California.

5.   Plaintiffs are informed and believe and thereon allege that Defendant, Henry Company LLC, is a California limited liability company, which at all material times hereto, was doing business in the County of Orange, State of California.

6.   Plaintiffs are informed and believe and thereon allege that Defendant, Kester LLC, is an Illinois limited liability company, which at all material times hereto, was doing business in the County of Orange, State of California.

7.   Plaintiffs are informed and believe and thereon allege that Defendant, The Lighthouse for the Blind (LHB Industries), is a Missouri corporation, which at all material times hereto, was doing business in the County of Orange, State of California.

8.   Plaintiffs are informed and believe and thereon allege that Defendant, LSPS Inc., as successor in interest to Dymon, Inc. is a Delaware corporation, which at all material times hereto, was doing business in the County of Orange, State of California.

9.   Plaintiffs are informed and believe and thereon allege that Defendant, Momar,

1

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

F:\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

Incorporated, as successor in interest to Superco Specialty Products, is a Georgia corporation, which at all material times hereto, was doing business in the County of Orange, State of California.

10. Plaintiffs are informed and believe and thereon allege that Defendant, Omega Industrial Supply, Inc., is a California corporation, which at all material times hereto, was doing business in the County of Orange, State of California.

11. Plaintiffs are informed and believe and thereon allege that Defendant, Rust-Oleum Corporation, is an Illinois corporation, which at all material times hereto, was doing business in the County of Orange, State of California.

12. The true names and capacities of Defendants Does 1 through 100 are unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to state the true names and capacities of said fictitious defendants when they have been ascertained. Plaintiffs are informed and believe and thereon allege that Defendants Does 1 through 100 are in some manner responsible for the occurrences herein alleged, and that plaintiffs' damages as herein alleged were proximately caused by their conduct.

13. Plaintiffs are informed and believe and based thereon allege that, at all times material hereto, each of the Defendants, including the fictitiously named Defendants, was acting in an individual, corporate, partnership, associate, conspiratorial or other capacity or as the agent, employee, co-conspirator, and/or alter ego of its co-defendants, and in doing the acts herein alleged, was acting within the course and scope of its authority as such partner, associate, agent, employee, co-conspirator, or alter ego, and with the permission, consent, knowledge, authorization, ratification and direction of its co-defendants, including all fictitiously named defendants.

//
//
//
//
//
//
//

**2**

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

F:\WP\Cases\1777\PLEADDOC\COMPLAINT\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

# PRODUCT IDENTIFICATION

14. Following is a list of those chemical products thus far identified to which Plaintiff, THOMAS E. MCKINNON, was exposed or which caused him to be exposed to toxic chemicals during the course of his employment with the California Military Department, and which caused his toxic injuries and occupational diseases, including the toxins within said chemical products that caused Plaintiff's toxic injuries and occupational diseases:

**Applied Industrial Technologies, as successor in interest to UZ Engineered Products**
*The manufacturer and/or supplier of the following products:*

    Cut-Ease

        Severely Hydro Treated Naphthenic Distillate

        Chlorinated Paraffin

        Chlorinated Fatty Acid

*And other products to be determined in discovery.*

**Cotto-Waxo Company**
*The manufacturer and/or supplier of the following products:*

    Cotto-Waxo Sanded Oil Base

        Woodfibre/Sawdust

        Silica Sand

        Petroleum hydrocarbon

        Industrial Oil

*And other products to be determined in discovery.*

**Eclectic Products LLC, as successor in interest to Eclectic Products, Inc.**
*The manufacturer and/or supplier of the following products:*

    E-6000 MV All Colors

3

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

F:\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

1    Tetracholroethyene (Perchloroethylene)

2    *And other products to be determined in discovery.*

3

4    **Henry Company LLC**

5    *The manufacturer and/or supplier of the following products:*

6         Asphalt Primer

7             Chlorinated Hydrocarbon

8             Petroleum Distillate

9             Petroleum Oil

10   *And other products to be determined in discovery.*

11

12   **Kester LLC**

13   *The manufacturer and/or supplier of the following products:*

14            Litton/Kester #40 Resin Core Solder

15                Tin

16                Lead

17   *And other products to be determined in discovery.*

18

19   **The Lighthouse for the Blind (LHB Industries)**

20   *The manufacturer and/or supplier of the following products:*

21            MIL-C-81309E Type II Class 2 Corrosion Preventative Compound

22                Mineral Spirits

23                1,1,1,2-tetrafluoroethane

24                Barium Compound

25   *And other products to be determined in discovery.*

26   //

27   //

28   //

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

4

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**LSPS Inc, as successor in interest to Dymon, Inc.**

*The manufacturer and/or supplier of the following products:*

  C-422 Rough Touch Scrubs-In-A-Bucket

    Adepsine Oil

*And other products to be determined in discovery.*


**Momar, Incorporated, as successor in interest to Superco Specialty Products**

*The manufacturer and/or supplier of the following products:*

  Electra Protecta

    Acetone

    Aliphatic Hydrocarbon

    Aromatic Hydrocarbon

    Poly (butadiene-co-styrene)

    Xylene

    Hydrocarbon propellant

*And other products to be determined in discovery.*


**Omega Industrial Supply, Inc.**

*The manufacturer and/or supplier of the following products:*

  A1053 Jell Strip

    Methylene Chloride

    Toluene

    Methanol

    Liquefied Petroleum Gas

  A1074 C&G White & Clear

    Silica Amorphous

    Ethyltriacetoxysilane

    Methyltracetoxysilane

5

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1      Liquefied Petroleum Gas

2  A1106 Liqua Tape

3      Aliphatic Petroleum Distillates

4      Xylene

5      Aromatic Hydrocarbon

6      Aliphatic Hydrocarbon

7      Poly Butadiene Co Styrene

8      Ceramic Microspheres

9      N-Tallow Alkyl Trimethyklene Diamines Ole

10     Titanium Dioxide

11     Hydrocarbon Propellant

12  *And other products to be determined in discovery.*

13

14  **Rust-Oleum Corporation**

15  *The manufacturer and/or supplier of the following products:*

16     Fluorescent Orange Spray Paint

17        Liquified Petroleum Gas

18        Toluene

19        Aliphatic Petroleum Distillates

20        Hydrotreated Light Distillate

21        Calcium Carbonate(limestone)

22        Stoddard Solvent

23     Fluorescent Green Spray Paint

24        Liquified Petroleum Gas

25        Toluene

26        Aliphatic Petroleum Distillates

27        Hydrotreated Light Distillate

28        Calcium Carbonate(limestone)

6

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

Stoddard Solvent

*And other products to be determined in discovery.*

**Does 1-50**

Presently unknown manufacturers, suppliers, distributors, retailers, trademark owners, and other entities in the chain of distribution of presently unknown chemical products to which Plaintiff, THOMAS E. MCKINNON, was exposed, or machines which caused Plaintiff, THOMAS E. MCKINNON, to be exposed to toxic chemical products, and which Plaintiffs allege were substantial factors in causing Plaintiff's medical conditions, including Non-Hodgkins Lymphoma and other diseases and consequential injuries.

**Does 51-100**

Presently unknown other persons, who are otherwise responsible for causing Plaintiff's medical conditions, including Non-Hodgkins Lymphoma and other diseases and consequential injuries.

## GENERAL ALLEGATIONS

15. From about 1977 through 2007, Plaintiff, THOMAS E. MCKINNON, was employed by the California Military Department at a fire department located at the Joint Forces Training Base at Los Alamitos in Orange County, California. Plaintiff is informed and believes and thereon alleges that the injuries from which Plaintiff, THOMAS E. MCKINNON suffers and which are the subject of this action, were sustained in the course of his work for the California Military Department in Orange County, California.

16. In the course of and throughout his employment with the California Military Department, Plaintiff, THOMAS E. MCKINNON, worked with and was exposed to various solvents, cleaners, and other chemical products, manufactured and supplied by Defendants as set forth in the Section "Product Identification" and Does 1-50. These products manufactured and

7

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

\\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1  supplied by Defendants as set forth in the Section "Product Identification" and Does 1-50 to which

2  Plaintiff was exposed contained and released significant concentrations of hazardous chemicals that

3  are toxic to the body, as described in Paragraph 11 above.  In the course of his work for the

4  California Military Department Plaintiff, THOMAS E. MCKINNON, was exposed to toxicologically

5  significant levels of these chemicals.

6       17.  As a direct and proximate result of said exposure to said toxic chemical products,

7  Plaintiff, THOMAS E. MCKINNON, sustained serious injuries to his internal organs, including

8  Non-Hodgkins Lymphoma, kidney cancer and liver cancer, as well as other related and consequential

9  injuries. Plaintiff, THOMAS E. MCKINNON, has undergone medical treatment for these injuries,

10  and will require future additional treatments, including a liver transplant.

11       18.  Throughout and in the course of Plaintiff's work in California, Plaintiff worked with and

12  was exposed to each of the solvents, cleaners, and other chemical products manufactured and

13  supplied by Defendants and Does 1-50. Plaintiff, THOMAS E. MCKINNON, was thereby exposed

14  to and inhaled or was exposed through dermal exposure, or exposure by way of the water supplied

15  to his places of employment, to toxicologically significant amounts of the toxic chemicals of which

16  the solvents, cleaners, and other chemical products were composed, and which were present in the

17  water, or were released and became airborne, or subject to dermal contact during the intended use

18  of said solvents, cleaners, and other chemical products. As a result of such exposure to said toxins

19  released from said solvents, cleaners, and other chemical products manufactured, distributed and/or

20  supplied by Defendants and Does 1-50, Plaintiff developed Non-Hodgkins Lymphoma, kidney

21  cancer and liver cancer, and other related and consequential injuries that will require extensive

22  medical treatment as these conditions progress.

23       19.  Each of the solvents, cleaners, and other chemical products that were manufactured,

24  distributed and/or supplied by Does 1-50 were used as intended by Plaintiff and his co-workers in

25  his vicinity throughout Plaintiff's entire employment at the California Military Department during

26  work activities. The foregoing intended use of each of the solvents, cleaners, and other chemical

27  products by Plaintiff and his co-workers in his vicinity resulted in the generation and release of toxic

28  chemicals that became airborne and thereby were inhaled into Plaintiff's respiratory tract, and/or to

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\met-nas\case\files\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

which Plaintiff was exposed by way of dermal contact, and/or were present in the water supplied to his places of employment, by which exposure they caused Non-Hodgkins Lymphoma, kidney cancer and liver cancer and other injuries. As a result of such intended use of each of the foregoing chemical products of Defendants and Does 51-100 throughout his entire employment with the California Military Department, Plaintiff was exposed to and inhaled, or became exposed to by way of dermal contact or water ingestion, toxic chemicals that were generated by and released during the foregoing intended use of the solvents, cleaners, and other chemical products manufactured, distributed and/or supplied by Defendants and Does 1-50, and purchased by the California Military Department for use by its employees.  As a direct result of said exposure to said toxins from each of Defendants and Does 1-100's foregoing products, Plaintiff developed Non-Hodgkins Lymphoma, kidney cancer and liver cancer, and other injuries, which will require future treatment.

## TOLLING OF STATUTE OF LIMITATIONS

### Diagnosis Postdating Exposure

20.   Plaintiff, THOMAS E. MCKINNON, was first diagnosed with Non-Hodgkins Lymphoma, kidney cancer and liver cancer on or about December 21, 2018.  Prior to said time Plaintiffs did not discover, and could not reasonably have discovered, that Plaintiff, THOMAS E. MCKINNON, had been injured and was suffering from said diseases, the toxic nature of said injuries and diseases, or their occupational cause.  The pathological effect of said diseases occurred without perceptible trauma and Plaintiff was blamelessly ignorant of their cause.  It was not until within the last two years that Plaintiff, THOMAS E. MCKINNON, was even aware that he had sustained work-related toxic injuries and diseases.

### Ignorance of Cause of Disease

21.  At the time Plaintiff, THOMAS E. MCKINNON, was diagnosed with Non-Hodgkins Lymphoma, kidney cancer and liver cancer, and continuing thereafter until the present date, no treating physician ever told Plaintiff, THOMAS E. MCKINNON, what the cause or causes of his diseases was, or that his diseases even had a cause.

9

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

Suspicion of Cause of Disease

22.  The first time Plaintiff, THOMAS E. MCKINNON, suspected that his Non-Hodgkins Lymphoma, kidney cancer and liver cancer might be occupationally related was in or about May, 2019.

Ignorance of Identity of Injury-Causing Hazardous Substances

23.  Notwithstanding their diligent efforts, at no time even until the present date did Plaintiffs personally ascertain the identity of those chemical products which caused THOMAS E. MCKINNON's injuries; nor did Plaintiffs personally ascertain any ingredients or contaminants of the products to which Plaintiff, THOMAS E. MCKINNON, was exposed at work that caused Plaintiff THOMAS E. MCKINNON's Non-Hodgkins Lymphoma, kidney cancer and liver cancer; and to this very date, Plaintiffs personally remain ignorant of the identity of hazardous substances to which Plaintiff, THOMAS E. MCKINNON was exposed at work that caused Plaintiff's Non-Hodgkins Lymphoma, kidney cancer and liver cancer.  It was only after Plaintiff, THOMAS E. MCKINNON, first met with his attorneys of record in May, 2019, that Plaintiffs were able to vicariously identify the chemical products which caused his Non-Hodgkins Lymphoma, kidney cancer and liver cancer and other medical conditions.

Fraudulent Concealment of Toxic Hazards by Defendants

24. At all material times hereto, Defendants fraudulently concealed from Plaintiffs material facts concerning the nature of the chemicals to which Plaintiff, THOMAS E. MCKINNON, was exposed.

25. At all material times hereto, Defendants fraudulently concealed the toxic hazards of their chemical products from Plaintiffs, the hazards of the conditions under which Plaintiff, THOMAS E. MCKINNON, was exposed to said chemical products, that THOMAS E. MCKINNON, was being exposed to and suffering toxic injuries from said chemical products, and the cause of Plaintiff, THOMAS E. MCKINNON's injuries and occupational disease.

//

10

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

26. At all material times hereto, Defendants fraudulently concealed from Plaintiffs that their products either were toxic, contained toxic ingredients, or contained toxic contaminants as a result of manufacturing processes.

27. At all material times hereto, Defendants failed to disclose to Plaintiffs the toxic hazards of their products, which Defendants were by law required to disclose to Plaintiff, THOMAS E. MCKINNON, pursuant to the federal and state Hazard Communication Standard and pursuant to California common law.

28. Defendants' concealment was sufficiently complete that Plaintiffs did not know, nor in the exercise of reasonable care could have known earlier than May 2019, of Defendants' culpability, that Plaintiff, THOMAS E. MCKINNON, had sustained toxic injuries, that chemicals to which he was occupationally exposed had caused his Non-Hodgkins Lymphoma, kidney cancer and liver cancer and other injuries, or that Plaintiffs had causes of action arising from his injuries.

## FIRST CAUSE OF ACTION
### FOR GENERAL NEGLIGENCE
(By Plaintiff, THOMAS E. MCKINNON,
Against All Named Defendants and DOES 1-100)

29. Plaintiffs refer to paragraphs 1 through 28, and, by this reference, incorporate said paragraphs hereat as though set forth in full.

30. As manufacturers and distributors of solvents, cleaners, and other chemical products, Defendants, and each of them, owed Plaintiff a legal duty to exercise due care in importing, producing, and distributing the foregoing products to Plaintiff's places of employment in Orange County, California.

31. Defendants negligently and carelessly imported, produced, and distributed the foregoing solvents, cleaners, and other chemical products to the various places of employment in Orange County, California, where Plaintiff, THOMAS E. MCKINNON, was exposed to said solvents, cleaners, and other chemical products.

11

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\\met-nas\casofiles\WP\Cases\1777PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

32. Defendants also failed to adequately warn Plaintiff, THOMAS E. MCKINNON, of the hazards of said solvents, cleaners, and other chemical products and failed to provide adequate instructions to Plaintiff, THOMAS E. MCKINNON, for the safe handling and use of said solvents, cleaners, and other chemical products.

33. California Labor Code § 6390.5 is a health and safety statute enacted to protect, among others, employees in the position of Plaintiff, THOMAS E. MCKINNON, and imposing on manufacturers and distributors of any hazardous substance the duty to label each container of a hazardous substance in a manner consistent with the Hazard Communication Standard. (8 C.C.R. § 5194).

34. The Hazard Communication Standard (8 C.C.R. §5194) is a health and safety regulation promulgated to protect, among others, employees in the position of Plaintiff, THOMAS E. MCKINNON, and imposing on manufacturers and distributors of chemical products the duty to, among other things:

(a) evaluate their products to determine if they are hazardous [8 C.C.R. § 5194(d)(1)];

(b) identify and consider the available scientific evidence concerning such hazards [8 C.C.R. § 5194(d)(2) et seq.];

(c) consider a product containing at least one percent of a component as presenting the same health hazard as that component [8 C.C.R. § 5194(d)(5)(B)];

(d) consider as carcinogenic a product containing at least 0.1% of a component which has been determined under 8 C.C.R. §5194(d)(4) to be a carcinogen [8 C.C.R. § 5194(d)(5)(B)];

(e) consider as hazardous a product which contains a component in a concentration of less than one percent which could be released in concentrations which would exceed the established OSHA permissible exposure limit or ACGIH Threshold Limit Value, or could present a health hazard to employees in those concentrations [8 C.C.R. § 5194(d)(5)(D)];

(f) consider as carcinogenic a product which contains a component which has been determined under 8 C.C.R. § 5194(d)(4) to be carcinogenic in a concentration of less than .1% which could be released in concentrations which would exceed the established OSHA permissible exposure limit or ACGIH Threshold Limit Value, or could present a health hazard to employees in those

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1    concentrations [8 C.C.R. § 5194(d)(5)(D)];

2        (g) ensure that each container of hazardous chemicals leaving their facilities is

3    labeled, tagged or marked with the (I) identity of the hazardous chemical(s); (ii) appropriate hazard

4    warnings; and (iii) the name and address of the chemical manufacturer or other responsible party [8

5    C.C.R. § 5194(f)(1)];

6        (h) obtain or develop a material safety data sheet for each hazardous substance they

7    produced [8 C.C.R. § 5194(g)(1)];

8        (I) include on the material safety data sheet the chemical and common names of each

9    hazardous substance [8 C.C.R. §5194(g)(2)(A)];

10        (j) include on the material safety data sheet the health hazards of the hazardous

11    substance, including signs and symptoms of exposure, and any medical conditions which are

12    generally recognized as being aggravated by exposure to the substance [8 C.C.R. § 5194(g)(2)(D)];

13        (k) include on the material safety data sheet the primary routes of entry [8 C.C.R. §

14    5194(g)(2)(E)];

15        (l) include on the material safety data sheet the OSHA permissible exposure limit,

16    ACGIH Threshold Limit Value, and any other exposure limit used or recommended by defendants

17    [8 C.C.R. § 5194(g)(2)(F)];

18        (m) include on the material safety data sheet whether the hazardous chemical is listed

19    in the National Toxicology Program (NTP) Annual Report on Carcinogens (latest edition) or has

20    been found to be a potential carcinogen in the International Agency for Research on Cancer (IARC)

21    Monographs (latest editions), or by OSHA [8 C.C.R. § 5194(g)(2)(G)];

22        (n) include on the material safety data sheet generally applicable precautions for safe

23    handling and use known to defendants, including appropriate hygienic practices, protective measures

24    during repair and maintenance of contaminated equipment, and procedures for clean-up of spills and

25    leaks [8 C.C.R. § 5194(g)(2)(H)];

26        (o) include on the material safety data sheet generally applicable control measures

27    known to defendants, such as appropriate engineering controls, work practices, or personal protective

28    equipment [8 C.C.R. § 5194(g)(2)(I)];

**13**

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\net-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

(p) include on the material safety data sheet a description in lay terms, if not otherwise provided, of the specific potential health risks posed by the hazardous substance intended to alert the person reading the information [8 C.C.R. § 5194(g)(2)(M)];.

(q) ensure that the information contained on material safety data sheets accurately reflects the scientific evidence used in making the hazard determination [8 C.C.R. § 5194(g)(5)];

® update material safety data sheets with newly-discovered significant information regarding the hazards of products and/or their components within three months [8 C.C.R. § 5194(g)(5)]; and,

(s) ensure that material safety data sheets complying with the Hazard Communication Standard are provided to employers, directly or via a distributor [8 C.C.R. § 5194(g)(6) & (7).

35. Defendants are importers, producers, or distributors of toxic chemical products to which Plaintiff, THOMAS E. MCKINNON, was exposed in the course of employment with The California Military Department in Orange County, California, including those chemical products manufactured and supplied by Defendants as alleged above, and were obligated to comply with California Labor Code § 6390.5 and the Hazard Communication Standard (8 C.C.R. § 5194).

36. Defendants, and each of them, violated California Labor Code § 6390.5 and the Hazard Communication Standard (8 C.C.R. §5194) in the importation, production, and distribution of the toxic chemical products to which Plaintiff, THOMAS E. MCKINNON, was so exposed by, among other things:

(a) failing and refusing to evaluate their products to determine if chlorinated solvents and other toxic chemicals contained in their products presented a health hazard of causing Non-Hodgkins Lymphoma, kidney cancer and liver cancer to employees using or exposed to their products [8 C.C.R. § 5194(d)(1)];

(b) failing and refusing to identify and consider the available scientific evidence to determine if the chlorinated solvents and other toxic chemicals contained in their products presented a health hazard of causing Non-Hodgkins Lymphoma, kidney cancer and liver cancer to employees using or exposed to their products  [8 C.C.R. § 5194(d)(2) et seq.];

//

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

14

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

(c) failing and refusing to identify their products as presenting a health hazard of causing Non-Hodgkins Lymphoma, kidney cancer and liver cancer even though the chlorinated solvents and other toxic chemicals contained in their products presented a health hazard of causing Non-Hodgkins Lymphoma, kidney cancer and liver cancer to employees using or exposed to their products [8 C.C.R. § 5194(d)(5)];

(d) failing and refusing to ensure that each container of their products was labeled, tagged or marked to (I) identify the chlorinated solvents and other toxic chemicals contained in their products, and (ii) appropriately warn that the chlorinated solvents and other toxic chemicals contained in their products presented a health hazard of causing Non-Hodgkins Lymphoma, kidney cancer and liver cancer to employees using or exposed to their products [8 C.C.R. § 5194(f)(1)];

(e) failing and refusing to obtain or develop a material safety data sheet for the chlorinated solvents and other toxic chemicals contained in their products [8 C.C.R. § 5194(g)(1)];

(f) failing and refusing to include on the material safety data sheet the chemical and common names for the chlorinated solvents and other toxic chemicals contained in their products [8 C.C.R. § 5194(g)(2)(A)];

(g) failing and refusing to include on the material safety data sheet that the chlorinated solvents and other toxic chemicals contained in their products presented a health hazard of causing Non-Hodgkins Lymphoma, kidney cancer and liver cancer to employees using or exposed to their products [8 C.C.R. § 5194(g)(2)(D)];

(h) failing and refusing to include on the material safety data sheet the primary routes of entry for the chlorinated solvents and other toxic chemicals contained in their products, in respect of the health hazard of causing Non-Hodgkins Lymphoma, kidney cancer and liver cancer to employees using or exposed to their products [8 C.C.R. § 5194(g)(2)(E)];

(I) failing and refusing to include on the material safety data sheet the OSHA permissible exposure limit, ACGIH Threshold Limit Value, and any other exposure limit used or recommended by defendants for the chlorinated solvents and other toxic chemicals contained in their products, in respect of the health hazard of causing Non-Hodgkins Lymphoma, kidney cancer and liver cancer to employees using or exposed to their products [8 C.C.R. § 5194(g)(2)(F)];

15

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\met-nas\casefiles\WP\Cases\1777\PLEAD\DOC\COMPLAINT\Complaint for Damages REV2.wpd

(j) failing and refusing to include on the material safety data sheet whether the chlorinated solvents and other toxic chemicals contained in their products are listed in the National Toxicology Program (NTP) Annual Report on Carcinogens (latest edition) or have been found to be a potential carcinogen in the International Agency for Research on Cancer (IARC) Monographs (latest editions), or by OSHA [8 C.C.R. § 5194(g)(2)(G)];

(k) failing and refusing to include on the material safety data sheet generally applicable precautions for safe handling and use known to Defendants for the chlorinated solvents and other toxic chemicals contained in their products, in respect of preventing the health hazard of causing Non-Hodgkins Lymphoma, kidney cancer and liver cancer to employees using or exposed to their products [8 C.C.R. § 5194(g)(2)(H)];

(l) failing and refusing to include on the material safety data sheet generally applicable control measures known to Defendants for the chlorinated solvents and other toxic chemicals contained in their products, in respect of preventing the health hazard of causing Non-Hodgkins Lymphoma, kidney cancer and liver cancer to employees using or exposed to their products  [8 C.C.R. § 5194(g)(2)(I)];

(m) failing and refusing to include on the material safety data sheet or otherwise the specific potential health risks posed by the chlorinated solvents and other toxic chemicals contained in their products, in respect of causing Non-Hodgkins Lymphoma, kidney cancer and liver cancer to employees using or exposed to their products [8 C.C.R. § 5194(g)(2)(M)];

(n) failing and refusing to ensure that the information contained on material safety data sheets accurately reflects the scientific evidence of the health risks posed by the chlorinated solvents and other toxic chemicals contained in their products, in respect of causing Non-Hodgkins Lymphoma, kidney cancer and liver cancer to employees using or exposed to their products [8 C.C.R. § 5194(g)(5)];

(o) failing and refusing to update material safety data sheets with newly-discovered significant information regarding the hazards of the chlorinated solvents and other toxic chemicals contained in their products, in respect of causing Non-Hodgkins Lymphoma, kidney cancer and liver cancer to employees using or exposed to their products [8 C.C.R. § 5194(g)(5)]; and,

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

16

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

(p) failing and refusing to ensure that material safety data sheets complying with the Hazard Communication Standard (including specifying the potential health risks posed by the chlorinated solvents and other toxic chemicals contained in their products, in respect of causing Non-Hodgkins Lymphoma, kidney cancer and liver cancer to employees using or exposed to their products) were provided to Plaintiff, THOMAS E. MCKINNON's employer, directly or via a distributor. [8 C.C.R. § 5194(g)(6)&(7)].

37.    Plaintiff, THOMAS E. MCKINNON, was a member of the class of persons designed to be protected by California Labor Code § 6390.5 and the Hazard Communication Standard (8 C.C.R. § 5194).

38.    Plaintiff, THOMAS E. MCKINNON, was exposed to each of the foregoing toxic solvents, cleaners, and other chemical products.

39.    Each of the toxic solvents, cleaners, and other chemical products to which Plaintiff, THOMAS E. MCKINNON, was exposed, was manufactured and/or supplied by the foregoing defendants, as set forth in the section entitled "Product Identification" above.

40.    As a result of Plaintiff THOMAS E. MCKINNON's use and exposure to said toxic solvents, cleaners, and other chemical products, toxins within each of said solvents, cleaners, and other chemical products entered Plaintiff THOMAS E. MCKINNON'S body.

41.    Plaintiff, THOMAS E. MCKINNON, suffers from specific illnesses, to wit, Non-Hodgkins Lymphoma, kidney cancer and liver cancer, as well as other related and consequential injuries.

42.    Each of the foregoing solvents, cleaners, and other chemical products caused Plaintiff THOMAS E. MCKINNON'S Non-Hodgkins Lymphoma, kidney cancer and liver cancer.

43.    Each toxin that entered Plaintiff THOMAS E. MCKINNON's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff THOMAS E. MCKINNON' Non-Hodgkins Lymphoma, kidney cancer and liver cancer.

44.    Plaintiff, THOMAS E. MCKINNON's injuries, as alleged herein, resulted from an occurrence of the nature of which the statute and regulations were designed to prevent, to wit, injuries to employees from use or exposure to toxic substances at work.

17

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\\met-eas\casefiles\WP\Cases\1777PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

45. As a direct and proximate result of said negligent acts and omissions of Defendants, Plaintiff, THOMAS E. MCKINNON, suffers from Non-Hodgkins Lymphoma, kidney cancer and liver cancer, and other related and consequential medical conditions.

46. As a direct and proximate result of said negligent acts and omissions of Defendants, Plaintiffs have been required to expend money and incur obligations for medical and related expenses in an amount not yet determined but which is well in excess of the jurisdictional minimum of the Court, and Plaintiff, THOMAS E. MCKINNON, has been unable to attend to his usual employment and activities.

47. As a further direct and proximate result of the negligent acts and omissions of defendants resulting in his severe toxic injuries, Plaintiff, THOMAS E. MCKINNON, has suffered lost income and will continue to suffer loss of future income, support and maintenance, all to Plaintiff's damage in a sum to be established according to proof.

48. As a further direct and proximate result of the actions and inactions of defendants resulting in toxic injuries, Plaintiff, THOMAS E. MCKINNON, has suffered and will continue to suffer general damages to be established according to proof at trial.

## SECOND CAUSE OF ACTION

### FOR STRICT LIABILITY - FAILURE TO WARN

(By Plaintiff, THOMAS E. MCKINNON,

Against All Named Defendants and Does 1-200)

49. Plaintiffs refer to paragraphs 1 through 48 and, by this reference, incorporate said paragraphs hereat as though set forth in full.

50. At all times mentioned herein, defendants, and each of them, were the importers, producers and distributors of solvents, cleaners, and other chemical products which were delivered to, used, or released at the places of employment in Orange County, California, where Plaintiff, THOMAS E. MCKINNON, was exposed to them.

//

**18**

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX·TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

\\met-nas\casefiles\WP\Cases\1777\PLEAD\DOC\COMPLAIN\Complaint for Damages.REV2.wpd

51.   The solvents, cleaners, and other chemical products which Defendants imported, produced, and distributed to the places of employment in Orange County, California where Plaintiff worked, were defective, because they lacked warnings adequate to apprise Plaintiff of their toxic hazards and their serious effects upon the human body, and they lacked instructions for handling and use adequate to prevent harmful exposures to Plaintiff causing serious injuries and disease.

52.   Plaintiff, THOMAS E. MCKINNON, was exposed to each of the foregoing toxic solvents, cleaners, and other chemical products.

53.   Each of the toxic solvents, cleaners, and other chemical products to which Plaintiff, THOMAS E. MCKINNON, was exposed, was manufactured and/or supplied by the foregoing defendants, as set forth in the section entitled "Product Identification" above.

54.   As a result of Plaintiff THOMAS E. MCKINNON's exposure to the foregoing toxic solvents, cleaners, and other chemical toxins within said toxic chemical products entered Plaintiff, THOMAS E. MCKINNON's body.

55.   Plaintiff, THOMAS E. MCKINNON, suffers from specific illnesses, to wit, Non-Hodgkins Lymphoma, kidney cancer and liver cancer, as well as other related and consequential injuries.

56.   Each of the foregoing solvents, cleaners, and other chemical products caused Plaintiff THOMAS E. MCKINNON's Non-Hodgkins Lymphoma, kidney cancer and liver cancer, and other injuries.

57.   Each toxin that entered Plaintiff THOMAS E. MCKINNON's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff THOMAS E. MCKINNON's Non-Hodgkins Lymphoma, kidney cancer and liver cancer and other injuries. As a direct and proximate result of the defective warnings of Defendants' solvents, cleaners, and other chemical products, Plaintiff, THOMAS E. MCKINNON, suffers from Non-Hodgkins Lymphoma, kidney cancer and liver cancer, and other related and consequential medical conditions.

58.   As a direct and proximate result of the defective warnings of Defendants' solvents, cleaners, and other chemical products, Plaintiffs have been required to expend money and incur obligations for medical and related expenses in an amount not yet determined but which is well in

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

excess of the jurisdictional minimum of the Court, and Plaintiff, THOMAS E. MCKINNON, has been unable to attend to his usual employment and activities.

59.     As a further direct and proximate result of the defective warnings of Defendants' solvents, cleaners, and other chemical products, Plaintiff, THOMAS E. MCKINNON, has suffered lost income and will continue to suffer loss of future income, support and maintenance, all to Plaintiff's damage in a sum to be established according to proof.

60.     As a further direct and proximate result of defective warnings of Defendants' solvents, cleaners, and other chemical products, Plaintiff, THOMAS E. MCKINNON, has suffered and will continue to suffer general damages, according to proof at trial.

61.   In exposing Plaintiff to said toxic solvents, cleaners, and other chemical products, Defendants, and each of them, failed to warn Plaintiff of known dangers, consciously disregarded Plaintiff's safety despite knowledge of the probable dangerous consequences of their products, and willfully and deliberately failed to avoid said dangerous consequences befalling Plaintiff. Defendants were either aware of, or culpably indifferent to, unnecessary risks of injury to Plaintiff and failed and refused to take steps to eliminate or adequately reduce the risk of said dangerous consequences to Plaintiff. Defendants concealed known hazards of their toxic solvents, cleaners, and other chemical products from Plaintiff, specifically by failing to warn Plaintiff of adverse toxic effects of their solvents, cleaners, and other chemical products, and such hazards were known by and such concealment was ratified by the corporate officers and managers of each of the defendants. Defendants consciously decided to market their solvents, cleaners, and other chemical products with knowledge of their harmful effects and without remedying the toxic effects of their products, and such marketing despite knowledge of the foregoing toxic hazards of Defendants' products was ratified by the corporate officers and managers of each of the defendants. Defendants also misrepresented the nature of their solvents, cleaners, and other chemical products by withholding information from Plaintiff regarding toxic and carcinogenic chemicals released from their products during their anticipated or reasonably foreseeable uses, and such misrepresentation and withholding of information was ratified by the corporate officers and managers of each of the defendants.

//

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

62.  Defendants' conduct in exposing Plaintiff to said toxic solvents, cleaners, and other chemical products without adequate warnings of their toxic hazards and without adequate instructions for safe handling and use was despicable, malicious, oppressive, and perpetrated in conscious disregard of the rights and safety of Plaintiffs, entitling Plaintiffs to punitive and exemplary damages.

## THIRD CAUSE OF ACTION

### FOR STRICT LIABILITY - DESIGN DEFECT

(By Plaintiff, THOMAS E. MCKINNON,

Against All Named Defendants and Does 1-200)

63.  Plaintiffs refer to paragraphs 1 through 62 and, by this reference, incorporate said paragraphs herein as though set forth in full.

64.  At all times mentioned herein, Defendants were the importers, producers and distributors of solvents, cleaners, and other chemical products which were delivered to, used, or released at the places of employment in Orange County, California, where Plaintiff, THOMAS E. MCKINNON, was exposed to said solvents, cleaners, and other chemical products.

65.  Said solvents, cleaners, and other chemical products were defective in their design because they failed to perform as safely as an ordinary user would expect when used in an intended or reasonably foreseeable manner, and because the risks inherent in said design outweighed the benefits thereof.

66.  Said design defects existed in Defendants' solvents, cleaners, and other chemical products when said solvents, cleaners, and other chemical products left defendants' possession.

67.  As a direct and proximate result of said design defects,  while using said solvents, cleaners, and other chemical products in a manner that was reasonably foreseeable and intended by Defendants, Plaintiff was exposed to said chemical products and fumes in the course of his employment with The California Military Department, and has suffered serious injuries and diseases, including Non-Hodgkins Lymphoma, kidney cancer and liver cancer, and other related medical

21

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

conditions. Plaintiff, THOMAS E. MCKINNON, was exposed to each of the foregoing toxic solvents, cleaners, and other chemical products.

68. Each of the toxic solvents, cleaners, and other chemical products to which Plaintiff, THOMAS E. MCKINNON, was exposed, was manufactured and/or supplied by the foregoing defendants, as set forth in the section entitled "Product Identification" above.

69. As a result of Plaintiff THOMAS E. MCKINNON's exposure to the foregoing toxic solvents, cleaners, and other chemical products within and released from said toxic products entered Plaintiff THOMAS E. MCKINNON's body.

70. Plaintiff, THOMAS E. MCKINNON, suffers from specific illnesses, to wit, Non-Hodgkins Lymphoma, kidney cancer and liver cancer, as well as other related and consequential injuries.

71. Each of the foregoing solvents, cleaners, and other chemical products caused Plaintiff THOMAS E. MCKINNON' Non-Hodgkins Lymphoma, kidney cancer and liver cancer, and other injuries.

72. Each toxin that entered Plaintiff THOMAS E. MCKINNON's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff THOMAS E. MCKINNON' Non-Hodgkins Lymphoma, kidney cancer and liver cancer, and other injuries. As a direct and proximate result of the defective design of Defendants' solvents, cleaners, and other chemical products, Plaintiff, THOMAS E. MCKINNON, suffers from Non-Hodgkins Lymphoma, kidney cancer and liver cancer, and other related and consequential medical conditions.

73. As a direct and proximate result of the defective design of Defendants' solvents, cleaners, and other chemical products, Plaintiffs have been required to expend money and incur obligations for medical and related expenses in an amount not yet determined but well in excess of the jurisdictional minimum of this Court, and Plaintiff, THOMAS E. MCKINNON, has been unable to attend to Plaintiff THOMAS E. MCKINNON's usual employment and activities.

74. As a further direct and proximate result of the defective design of Defendants' solvents, cleaners, and other chemical products, Plaintiff, THOMAS E. MCKINNON, has suffered lost income and will continue to suffer loss of future income, support and maintenance, all to

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1   Plaintiff's damage in a sum to be established according to proof.

2        75.    As a further direct and proximate result of defective nature of said solvents, cleaners,

3   and other chemical products, Plaintiff, THOMAS E. MCKINNON, has suffered and will continue

4   to suffer general damages, according to proof at trial.

5        76.  In exposing Plaintiff to said toxic solvents, cleaners, and other chemical products,

6   Defendants, and each of them, failed to warn Plaintiff of known dangers, consciously disregarded

7   Plaintiff's safety despite knowledge of the probable dangerous consequences of their products, and

8   willfully and deliberately failed to avoid said dangerous consequences befalling Plaintiff. Defendants

9   were either aware of, or culpably indifferent to, unnecessary risks of injury to Plaintiff and failed and

10  refused to take steps to eliminate or adequately reduce the risk of said dangerous consequences to

11  Plaintiff. Defendants concealed known hazards of their solvents, cleaners, and other chemical

12  products from Plaintiff, specifically by failing to warn Plaintiff of adverse toxic effects of their

13  solvents, cleaners, and other chemical products, and such hazards were known by and such

14  concealment was ratified by the corporate officers and managers of each of the defendants.

15  Defendants consciously decided to market their solvents, cleaners, and other chemical products with

16  knowledge of their harmful effects and without remedying the toxic effects of their products, and

17  such marketing despite knowledge of the foregoing toxic hazards of Defendants' products was

18  ratified by the corporate officers and managers of each of the defendants. Defendants also

19  misrepresented the nature of their solvents, cleaners, and other chemical products, by withholding

20  information from Plaintiff regarding toxic chemicals released from their products during their

21  anticipated or reasonably foreseeable uses, and such misrepresentation and withholding of

22  information was ratified by the corporate officers and managers of each of the defendants.

23       77.  Defendants' conduct in exposing Plaintiff to said toxic solvents, cleaners, and other

24  chemical products without adequate warnings of their toxic hazards and without adequate

25  instructions for safe handling and use was despicable, malicious, oppressive, and perpetrated in

26  conscious disregard of the rights and safety of Plaintiffs, entitling Plaintiffs to punitive and

27  exemplary damages.

28  //

---

23

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

# FOURTH CAUSE OF ACTION

## FOR FRAUDULENT CONCEALMENT

(By Plaintiff, THOMAS E. MCKINNON,

Against All Named Defendants Does 1-200)

78.  Plaintiffs refer to paragraphs 1 through 77 and, by this reference, incorporate said paragraphs herein in full.

79.  At all times mentioned herein, Defendants were the importers, producers and distributors of solvents, cleaners, and other chemical products which were delivered to, used, or released at the places of employment in Orange County, California, where Plaintiff, THOMAS E. MCKINNON, was exposed to them.

80.  Defendants' solvents, cleaners, and other chemical products to which Plaintiff was exposed are toxic because they contain chlorinated solvents and other toxic chemicals capable of causing Non-Hodgkins Lymphoma, kidney cancer and liver cancer, and other diseases.

81.   Defendants were aware of the toxic nature of their solvents, cleaners, and other chemical products.

82.  Pursuant to the Hazard Communication Standard and California common law, Defendants were under a legal duty to fully disclose the toxic properties of their solvents, cleaners, and other chemical products directly to Plaintiff THOMAS E. MCKINNON.

83.  Defendants also owed a duty to disclose the toxic properties of their solvents, cleaners, and other chemical products to Plaintiff, THOMAS E. MCKINNON, because Defendants alone had knowledge of material facts, to wit the toxic properties of their solvents, cleaners, and other chemical products, which were not accessible to Plaintiff, THOMAS E. MCKINNON.

84.  Defendants also owed a duty to disclose the toxic properties of their solvents, cleaners, and other chemical products to Plaintiff, THOMAS E. MCKINNON, because Defendants made representations regarding their solvents, cleaners, and other chemical products, but failed to disclose additional facts which materially qualify the facts disclosed, and/or which rendered the disclosures made likely to mislead Plaintiff THOMAS E. MCKINNON.

24

\\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

85.   Notwithstanding their knowledge of the toxic and carcinogenic properties of their solvents, cleaners, and other chemical products, at all material times hereto, Defendants concealed said toxic hazards from Plaintiff, THOMAS E. MCKINNON, so that Plaintiff, THOMAS E. MCKINNON, would use Defendants' solvents, cleaners, and other chemical products.

86.  Plaintiff, THOMAS E. MCKINNON, was unaware of the toxic and carcinogenic hazards of Defendants' solvents, cleaners, and other chemical products, and would not have acted as he did had he known of said concealed hazards.

87.  Defendants had a duty to disclose the health hazards of their solvents, cleaners, and other chemical products to Plaintiff's employer, The California Military Department; defendants concealed significant health hazards from Plaintiff's employer, The California Military Department; defendants intended that the products be used by plaintiff as one of his employer's employees and therefore intended and had reason to expect that their concealment of health risks would be acted upon by plaintiff who otherwise would not have used the toxic solvents, cleaners, and other chemical products at issue; in using the products, plaintiff acted in justifiable reliance that defendants had not concealed material facts of the toxic hazards of their products.

88.  As a direct and proximate result of Defendants' fraudulent concealment of the toxic hazards and other hazards of their solvents, cleaners, and other chemical products, from Plaintiff and his employer, Plaintiff, THOMAS E. MCKINNON, was exposed to Defendants' solvents, cleaners, and other chemical products in the course of his employment with The California Military Department, and has suffered serious injuries and diseases, including Non-Hodgkins Lymphoma, kidney cancer and liver cancer, and other related medical conditions.

89.   From his use of said solvents, cleaners, and other chemical products, Plaintiff, THOMAS E. MCKINNON, was exposed to each of the foregoing toxic solvents, cleaners, and other chemical products.

90.  Each of the solvents, cleaners, and other chemical products to which Plaintiff, THOMAS E. MCKINNON, was exposed, was manufactured and/or supplied by the foregoing defendants, as set forth in the section entitled "Product Identification" above.

//

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

91.     As a result of Plaintiff THOMAS E. MCKINNON's use of solvents, cleaners, and other chemical products, toxins within and released from said solvents, cleaners, and other chemical products entered Plaintiff THOMAS E. MCKINNON's body.

92.     Plaintiff, THOMAS E. MCKINNON, suffers from specific illnesses, to wit, Non-Hodgkins Lymphoma, kidney cancer and liver cancer, as well as other related and consequential injuries.

93.     Each of the foregoing solvents, cleaners, and other chemical products caused Plaintiff THOMAS E. MCKINNON' Non-Hodgkins Lymphoma, kidney cancer and liver cancer, and other injuries.

94.     Each toxin that entered Plaintiff THOMAS E. MCKINNON's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff THOMAS E. MCKINNON' Non-Hodgkins Lymphoma, kidney cancer and liver cancer, and other injuries.

95.     As a direct and proximate result of Defendants' fraudulent concealment of the toxic hazards of their solvents, cleaners, and other chemical products, Plaintiff, THOMAS E. MCKINNON, suffers from Non-Hodgkins Lymphoma, kidney cancer and liver cancer and other related and consequential medical conditions.

96.     As a direct and proximate result of Defendants' fraudulent concealment of the toxic hazards of their solvents, cleaners, and other chemical products, Plaintiffs have been required to expend money and incur obligations for medical and related expenses in an amount not yet determined but which is well in excess of the jurisdictional minimum of the Court, and Plaintiff, THOMAS E. MCKINNON, has been unable to attend to his usual employment and activities.

97.     As a further direct and proximate result of Defendants' fraudulent concealment of the toxic hazards of their  solvents, cleaners, and other chemical products, Plaintiff, THOMAS E. MCKINNON, has suffered lost income and will continue to suffer loss of future income, support and maintenance, all to Plaintiff's damage in a sum to be established according to proof.

98.     As a further direct and proximate result of Defendants' fraudulent concealment of the toxic hazards of their  solvents, cleaners, and other chemical products, Plaintiff, THOMAS E. MCKINNON, has suffered and will continue to suffer general damages, according to proof at trial.

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

\\net-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

99. In exposing Plaintiff to said toxic and fibrogenic solvents, cleaners, and other chemical products, Defendants, and each of them, failed to warn Plaintiff of known dangers, consciously disregarded Plaintiff's safety despite knowledge of the probable dangerous consequences of their solvents, cleaners, and other chemical products, and willfully and deliberately failed to avoid said dangerous consequences befalling Plaintiff. Defendants were either aware of, or culpably indifferent to, unnecessary risks of injury to Plaintiff and failed and refused to take steps to eliminate or adequately reduce the risk of said dangerous consequences to Plaintiff. Defendants concealed known hazards of their solvents, cleaners, and other chemical products from Plaintiff, specifically by failing to warn Plaintiff of adverse toxic effects of their solvents, cleaners, and other chemical products, and such hazards were known by and such concealment was ratified by the corporate officers and managers of each of the defendants. Defendants consciously decided to market their solvents, cleaners, and other chemical products with knowledge of their harmful effects and without remedying the toxic effects of their solvents, cleaners, and other chemical products, and such marketing despite knowledge of the foregoing toxic hazards of Defendants' products was ratified by the corporate officers and managers of each of the defendants. Defendants also misrepresented the nature of their solvents, cleaners, and other chemical products, by withholding information from Plaintiff regarding toxic chemicals released from their products during their anticipated or reasonably foreseeable uses, and such misrepresentation and withholding of information was ratified by the corporate officers and managers of each of the defendants.

100. Defendants' conduct in exposing Plaintiff to said toxic and fibrogenic solvents, cleaners, and other chemical products without adequate warnings of their toxic hazards and without adequate instructions for safe handling and use was despicable, malicious, oppressive, and perpetrated in conscious disregard of the rights and safety of Plaintiffs, entitling Plaintiffs to punitive and exemplary damages.

//
//
//
//

27

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

# FIFTH CAUSE OF ACTION

## FOR BREACH OF IMPLIED WARRANTIES

(By Plaintiff, THOMAS E. MCKINNON,

Against All Named Defendants and Does 1-200)

101.   Plaintiffs refer to paragraphs 1 through 100 and, by this reference, incorporate said paragraphs herein as though set forth in full.

102.   At all times mentioned herein, Defendants were the importers, producers and distributors of solvents, cleaners, and other chemical products which were purchased by Plaintiff's employer and delivered to, used, or released at the places of employment in Orange County, California, where Plaintiff, THOMAS E. MCKINNON, used and was exposed to said solvents, cleaners, and other chemical products.

103.   Defendants' solvents, cleaners, and other chemical products to which Plaintiff was exposed are toxic.

104.   By placing their solvents, cleaners, and other chemical products in the stream of commerce, Defendants impliedly warranted that their solvents, cleaners, and other chemical products were reasonably fit for their intended uses, that their solvents, cleaners, and other chemical products were of merchantable quality, that they were not defective, that they would function as safely as ordinary users would expect when used in an intended or reasonably foreseeable manner, and that they would not cause serious disease, harm, or death.

105.   Defendants, and each of them, breached said implied warranties, because their solvents, cleaners, and other chemical products were not reasonably fit for their intended uses, were not of merchantable quality, were defective, and failed to function as safely as an ordinary user would expect when used in an intended or reasonably foreseeable manner, and caused serious injuries to Plaintiff, THOMAS E. MCKINNON, to wit, Non-Hodgkins Lymphoma, kidney cancer and liver cancer and the other injuries described herein.

106.   Plaintiff, THOMAS E. MCKINNON, was exposed to each of the foregoing toxic solvents, cleaners, and other chemical products.

28

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

107. Each of the solvents, cleaners, and other chemical products to which Plaintiff, THOMAS E. MCKINNON, was exposed, was manufactured and/or supplied by the foregoing defendants, as set forth in the section entitled "Product Identification" above.

108. As a result of Plaintiff THOMAS E. MCKINNON's use of and exposure to each of the foregoing toxic solvents, cleaners, and other chemical products, toxins within and released from said toxic solvents, cleaners, and other chemical products entered Plaintiff THOMAS E. MCKINNON's body.

109. Plaintiff, THOMAS E. MCKINNON, suffers from specific illnesses, to wit, Non-Hodgkins Lymphoma, kidney cancer and liver cancer, as well as other related and consequential injuries.

110. Each of the foregoing solvents, cleaners, and other chemical products caused Plaintiff, THOMAS E. MCKINNON' Non-Hodgkins Lymphoma, kidney cancer and liver cancer and other injuries.

111. Each toxin that entered Plaintiff THOMAS E. MCKINNON's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff THOMAS E. MCKINNON' Non-Hodgkins Lymphoma, kidney cancer and liver cancer and other injuries.

112. As a direct and proximate result of Defendants' breaches of implied warranties, Plaintiff, THOMAS E. MCKINNON, has suffered serious injuries and disease, including Non-Hodgkins Lymphoma, kidney cancer and liver cancer and other related and consequential medical conditions.

113. As a direct and proximate result of Defendants' breaches of implied warranties, Plaintiffs have been required to expend money and incur obligations for medical and related expenses in an amount not yet determined but well in excess of the jurisdictional minimum of the Court, and Plaintiff, THOMAS E. MCKINNON, has been unable to attend to his usual employment and activities.

114. As a further direct and proximate result of Defendants' breaches of implied warranties, Plaintiff, THOMAS E. MCKINNON, has suffered lost income and will continue to suffer loss of future income, support and maintenance, all to Plaintiff's damage in a sum to be established

29

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

\\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

according to proof.

115.    As a further direct and proximate result of Defendants' breaches of implied warranties, Plaintiff, THOMAS E. MCKINNON, has suffered and will continue to suffer general damages, according to proof at trial.

## SIXTH CAUSE OF ACTION

### LOSS OF CONSORTIUM

(By Plaintiff, RENEE L. MCKINNON,

Against All Named Defendants and Does 1-200)

116.  Plaintiffs refer to paragraphs 1 through 115 and, by this reference, incorporate said paragraphs herein in full.

117.  At all material times hereto, Plaintiffs THOMAS E. MCKINNON and RENEE L. MCKINNON, have been married and living together as husband and wife.

118.    As a direct and proximate result of Defendants' above-described conduct and Defendants' defective solvents, cleaners, and other chemical products, Plaintiff, RENEE L. MCKINNON, has lost and been deprived of the services, love, companionship, comfort, affection, society, sexual relations, and solace of Plaintiff, THOMAS E. MCKINNON, all to the special and general damage of Plaintiff, RENEE L. MCKINNON. Plaintiff anticipates further loss of consortium in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgement as follows:

1.      For general damages in a sum in excess of the minimum jurisdictional amount of the court;

2.      For medical expenses according to proof;

3.      For loss of earnings according to proof;

4.      For household services according to proof;

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**30**

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

\\\met-nas\casefiles\WP\Cases\1777\PLEADDOC\COMPLAIN\Complaint for Damages REV2.wpd

5.  For loss of consortium according to proof;

6.  For pre- and post-judgment interest allowed by law;

7.  For punitive damages according to proof;

8.  For plaintiffs' costs of suit incurred herein; and

9.  For such other and further relief as the Court deems just and proper.

DATED: October 30, 2020                    METZGER LAW GROUP
                                           A Professional Law Corporation


                                           _____
                                           RAPHAEL METZGER, ESQ.
                                           SCOTT P. BRUST, ESQ.
                                           Attorneys for Plaintiffs
                                           THOMAS E. MCKINNON
                                           and RENEE L. MCKINNON


## DEMAND FOR JURY TRIAL

    Pursuant to Cal. Code of Civil Procedure § 600 et seq. (and Rule 38 of the Federal Rules of
Civil Procedure should this case ever be removed to federal court), Plaintiffs hereby demand trial
by jury of all issues which may be tried to a jury.


DATED:   October 30, 2020                  METZGER LAW GROUP
                                           A Professional Law Corporation


                                           _____
                                           SCOTT P. BRUST, ESQ.
                                           Attorneys for Plaintiffs
                                           THOMAS E. MCKINNON
                                           and RENEE L. MCKINNON


---

**31**

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

Electronically Filed by Superior Court of California, County of Orange, 10/30/2020 04:37:21 PM.
30-2020-01168045-CU-TT-CXC - ROA # 5 - DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk.

F:\WP\Cases\1777\NOTICES\2020-10-30, Posting Jury Fees.wpd

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
RAPHAEL METZGER, ESQ., SBN 116020
SCOTT P. BRUST, ESQ., SBN 215951
555 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA 90802
TELEPHONE: (562) 437-4499
TELECOPIER: (562) 436-1561
WEBSITE: www.toxictorts.com

Attorneys for Plaintiffs,
THOMAS E. MCKINNON and RENEE L. MCKINNON

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, COMPLEX CIVIL CENTER

| | |
|---|---|
| THOMAS E. MCKINNON and RENEE L. MCKINNON, | CASE NO. 30-2020-01168045-CU-TT-CXC |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF POTSING JURY FEES** |
| vs. | Assigned for all purposes to: Judge William Claster |
| APPLIED INDUSTRIAL TECHNOLOGIES, as successor in interest to UZ Engineered Products, an Ohio corporation; COTTO-WAXO COMPANY, a Missouri corporation; ECLECTIC PRODUCTS LLC, as successor in interest to Eclectic Products, Inc. an Oregon limited liability company; HENRY COMPANY LLC, a California limited liability company; KESTER LLC, is an Illinois limited liability company; THE LIGHTHOUSE FOR THE BLIND (LHB INDUSTRIES), a Missouri corporation; LSPS INC., as successor in interest to Dymon, Inc. a Delaware corporation; MOMAR, INCORPORATED, as successor in interest to Superco Specialty Products. a Georgia corporation; OMEGA INDUSTRIAL SUPPLY, INC., a California corporation; RUST-OLEUM CORPORATION, an Illinois corporation; and DOES 1 through 100, inclusive, | Dept: CX104 |
| Defendants. | |

PLAINTIFFS' NOTICE OF POSTING JURY FEES

F:\WP\Cases\1777\NOTICES\2020-10-30, Posting Jury Fees.wpd

TO THE HONORABLE COURT, AND TO THE PARTIES HERETO AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs THOMAS E. MCKINNON and RENEE L. MCKINNON hereby post jury fees of $150.00.

DATED: October 30, 3020          METZGER LAW GROUP
                                 A Professional Law Corporation


                                 RAPHAEL METZGER, ESQ.
                                 SCOTT P. BRUST, ESQ.
                                 Attorneys for Plaintiffs
                                 THOMAS E. MCKINNON
                                 and RENEE L. MCKINNON

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1

PLAINTIFFS' NOTICE OF POSTING JURY FEES

Electronically Filed by Superior Court of California, County of Orange, 10/30/2020 04:37:21 PM.
30-2020-01168045-CU-TT-CXC - ROA # 6 - DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk.

F:\WPICases\1777\DISC-DOC\DAMAGES.STM2020-10-30_Initial.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1  METZGER LAW GROUP
   A PROFESSIONAL LAW CORPORATION
2  RAPHAEL METZGER, ESQ., SBN 116020
   SCOTT P. BRUST, ESQ., SBN 215951
3  555 E. OCEAN BLVD., SUITE 800
   LONG BEACH, CA 90802
4  TELEPHONE: (562) 437-4499
   TELECOPIER: (562) 436-1561
5  WEBSITE: www.toxictorts.com

6  Attorneys for Plaintiffs,
   THOMAS E. MCKINNON and RENEE L. MCKINNON

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF ORANGE, COMPLEX CIVIL CENTER

10

11 THOMAS E. MCKINNON and RENEE L.          CASE NO. 30-2020-01168045-CU-TT-CXC
   MCKINNON,
12                                          **PLAINTIFFS' INITIAL STATEMENT
            Plaintiffs,                      OF DAMAGES**
13
        vs.                                 Assigned for all purposes to: Judge William Claster
14                                                        Dept: CX104
   APPLIED INDUSTRIAL
15 TECHNOLOGIES, as successor in interest
   to UZ Engineered Products, an Ohio
16 corporation; COTTO-WAXO
   COMPANY, a Missouri corporation;
17 ECLECTIC PRODUCTS LLC, as
   successor in interest to Eclectic Products,
18 Inc. an Oregon limited liability company;
   HENRY COMPANY LLC, a California
19 limited liability company; KESTER LLC,
   is an Illinois limited liability company;
20 THE LIGHTHOUSE FOR THE BLIND
   (LHB INDUSTRIES), a Missouri
21 corporation; LSPS INC., as successor in
   interest to Dymon, Inc. a Delaware
22 corporation; MOMAR,
   INCORPORATED, as successor in interest
23 to Superco Specialty Products. a Georgia
   corporation; OMEGA INDUSTRIAL
24 SUPPLY, INC., a California corporation;
   RUST-OLEUM CORPORATION, an
25 Illinois corporation; and DOES 1 through
   100, inclusive,
26
            Defendants.
27

28

PLAINTIFFS' INITIAL STATEMENT OF DAMAGES

F:\WP\Cases\1777\DISC-DOC\DAMAGES.STM\2020-10-30, Initial.wpd

Plaintiffs, THOMAS E. MCKINNON and RENEE L. MCKINNON, hereby submit a Statement of Damages as follows:

1.      General damages consisting of pain and suffering, caused by the incident, and other injuries described in the complaint on file herein, in the sum of $5,000,000.

2.      Special damages, consisting of medical expenses to date, totaling approximately $1,500,000; estimated cost of future medical care, totaling approximately $2,000,000; and estimated loss of future earning capacity, totaling approximately $500,000.

3.      Loss of society and consortium by Plaintiff spouse, totaling approximately $1,000,000.

4.      Punitive damages in the sum of $3,000,000.


DATED: October 30, 3020          METZGER LAW GROUP
                                 A Professional Law Corporation



                                 RAPHAEL METZGER, ESQ.
                                 SCOTT P. BRUST, ESQ.
                                 Attorneys for Plaintiffs
                                 THOMAS E. MCKINNON
                                 and RENEE L. MCKINNON

---

1

PLAINTIFFS' INITIAL STATEMENT OF DAMAGES

---

✓ **Plaintiff must serve a copy of these Guidelines with the Summons and Complaint.**

---



# GUIDELINES

## ALL COMPLEX CIVIL DEPARTMENTS

Welcome to the Complex Civil Litigation Program.  Orange County Superior Court is one of six courts designated by the California Judicial Council as pilot project courts to handle solely complex civil litigation.  These pilot courts were established to apply case management principles to improve the effective administration of justice by reducing the time and expense normally associated with the litigation of complex civil cases.  It has been our experience that these principles make it easier to prepare these cases for trial by providing a more orderly framework for the pre-trial phase of the litigation.

The result is a greater opportunity for early case resolution through mediation and settlement, and improving the way complex cases are tried by encouraging the use of technology.

Counsel's familiarity with the applicable *California Rules of Court ["Local Rules"], Local Rules – Superior Court of California, County of Orange*, and these *Guidelines* is expected.  The *Guidelines* should answer most procedural questions and assist you in feeling comfortable in our courtrooms.

### COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE

Counsel are expected to adhere to the provisions of the *California Attorney Guidelines of Civility and Professionalism*.  (State Bar of the State of California, adopted July 20, 2007, attached to these *Guidelines* as Appendix 1.)

1

## I. GENERAL MATTERS

1. When issued by the court, the provisions of the Case Management Order in the particular action shall govern over these *Guidelines*. Procedural matters not provided for in these *Guidelines* or in a Case Management Order shall be governed by the pertinent provisions of the California statutes, the California Rules of Court, and the California Standards of Judicial Administration. The purpose of these *Guidelines* is to supplement but not contradict the law governing civil procedure.

2. The Superior Court of California, County of Orange has established a system for e-filing in accordance with Code of Civil Procedure §1010.6 and California Rules of Court, rule 2.250 *et seq.* All papers filed in complex civil cases must be electronically filed unless a party has been specifically excused by the Court from the requirement, pursuant to the *Local Rules – Superior Court of California, County of Orange* ("local rules"), rule 308. To register for the program and to obtain additional information, go to: www.occourts.org/complexcivil/ .

3. Cross-complainants must serve a copy of these guidelines and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

4. Information about filing requirements or fees is available on the court's Internet home page at: http://www.occourts.org, or by telephone at (657) 622-5314. The local rules are available on the court's public internet home page.

5. Telephone appearances are conducted through **CourtCall**, pursuant to the provisions of California Rules of Court, Rule 3.670. Parties are encouraged to seek further information concerning guidelines and protocols from **CourtCall** at (310) 342-0888 or (888) 88-COURT.

## II. Initial Case Management Conference:

The Initial Case Management Conference shall take place in conformance with the requirements set forth in California Rules of Court, rule 3.750. The Initial Case Management Conference is generally scheduled approximately 90 days after the action is filed. Plaintiff is required to give notice of this conference date to all other parties. Thereafter, Status Conferences shall be set in consultation with the Court, according to the needs of the parties.

## III. Case Management Conference and Status Conference Statements:

The judges of the Civil Complex Center have determined that Judicial Council form CM-110, *Civil Case Management Statement* required by California Rules of Court, Rule 3.725(c) for some civil cases, is inadequate to provide the judges the information they need when determining how a particular complex case should be managed. *Form CM-110 should not be used in any action designated or provisionally designated as*

2

*complex.* Instead, the parties shall file with the court either a Case Management Conference Statement or a Status Conference Statement as described below.

Counsel must file an updated Conference Statement for *each* Case Management or Status Conference. The Conference Statement is due no later than 5 court days prior to the hearing.

A Status Conference Statement may be filed as an alternative to the Case Management Conference Statement when appropriate. A Status Conference Statement is generally less detailed than a Case Management Conference Statement and is to be used to advise the court of progress or developments in the case which have occurred since the last review hearing.

A joint statement of the parties is preferred by the court whenever possible.

## IV. CASE MANAGEMENT ORDERS:

Case Management Orders are not required in all cases, but they may be helpful in cases where the sequencing and timing of key events is necessary in the management of the litigation and preparation of the case for trial. However, even if a Case Management Order is not necessary in a particular case, *all complex cases must be managed by counsel, or the court, or both.*

The goal of case management is to bring about a just resolution as speedily and economically as possible. To be effective, case management should be tailored to the needs of the particular litigation and to the resources available; make-work activity should be avoided. The parties or the court should develop and monitor an effective plan for the orderly conduct of pretrial and trial proceedings. A case management plan should prescribe a series of procedural steps, with firm dates, giving direction and order to the case as it progresses through pretrial proceedings to summary disposition or trial. The setting of interim time limits and deadlines is often a necessary part of an effective case management plan.

## V. LAW AND MOTION:

1. **Meet and Confer**: This court adopts the view that pre-filing conferences between counsel may be useful in avoiding useless or unnecessary motions. Therefore, prior to the hearing of any motion, petition or application, except applications to appear *pro hac vice* and motions to withdraw as counsel of record, all counsel and parties appearing in *propria persona* shall confer in a good faith attempt to eliminate the necessity of the hearing or resolve as many disputes as possible.

   Counsel for the moving party shall arrange the conference to meet and confer and, at least 3 calendar days before the hearing, file with the court a statement entitled "Meet and Confer," summarizing the issues remaining in dispute and the respective positions taken.

2. **Tentative Rulings**: Members of the Complex Civil Panel may publish tentative law and motion rulings by any system described in Local Rule 382.

3. **Off Calendars and Continuances:** In order to promote judicial economy and avoid wasting court resources, counsel for moving parties must notify the courtroom clerk as soon as possible if any matter will be taken off calendar. Stipulations between the parties to continue a matter must be approved by the court.

## VI. EX PARTE APPLICATIONS:

1. The court's consideration of an *ex parte* application will not interfere with or delay any trial in progress. The moving party is expected to adhere to the provisions of California Rules of Court, Rule 3.1200 – 3.1207. All papers necessary to the determination of the application, including any proposed pleading, motion or order, must be submitted with the *ex parte* application. Counsel should contact the courtroom clerk to verify any specific deadlines for the submission of moving papers or other preferences applicable to that department. Counsel may also contact the courtroom clerk to inquire if oral argument will be permitted, or if the court will rule based on the application and any written opposition.

2. The application shall include a declaration of Notice of Ex Parte Hearing and a proposed order; and shall state in the notice the irreparable harm, immediate danger or other basis for *ex parte* relief that will result if the requested relief is not granted until a regularly noticed motion may be heard.

## VII. MANDATORY SETTLEMENT CONFERENCES ("MSC's"):

Compliance with Local Rule 316 is required.

All of the judges at the Civil Complex Center are willing to help another judge in the settlement of a complex case depending upon the judge's available calendar. If the parties agree to have a mandatory settlement conference conducted by a judge other than the assigned judge, the parties should first determine the other judge's availability before asking the assigned judge to order the settlement conference. However, it is not presumed that the judge to whom a case is assigned should not conduct the mandatory settlement conferences in his or her cases. If a party objects to the trial judge's participation in the MSC, the party must advise the judge or the courtroom clerk of its objection prior to the setting of the MSC. Counsel are advised to check with the court to determine its preference in this regard.

## VIII. Pre-trial Conferences

1. A Pre-trial Conference may be scheduled 30-90 days before trial for the purpose of determining the readiness of the parties and     resolving procedural issues concerning the trial. The goal of the Pre-trial Conference is to make the trial proceed as predictably and smoothly as possible. **The Pre-trial**

Conference is not a substitute for the Issues Conference required by Local Rule 317.

2. At the Pre-trial Conference, counsel should be prepared to state whether his or her client will be using the electronic presentation of evidence at the trial. Using electronic equipment to present evidence at trial requires preparation, organization and cooperation by the parties. The court expects that the parties will work together in devising a protocol for the pre-marking of exhibits by using prefixes or a super-numeration system to designate the proponent of the evidence. Where there are multiple pages to a single exhibit, each page should be bates-stamped. Counsel should contact the courtroom clerk to determine if the trial judge has a specific preference for how exhibits should be marked.

3. In a case where it is reasonable to presume voluminous documents will be produced during discovery, counsel are urged to agree upon a protocol for the pre-marking of exhibits at the earliest time possible, preferably before the initiation of discovery and delivery to a document depository. It is less expensive to mark and index voluminous documents as they are deposited than when it is done on the eve of trial.

4. Counsel are required to cooperate throughout the trial so that one party's electronic exhibits are available to the other side to display during cross-examination.

5. The electronic version of documents, photographs, charts or other demonstrative evidence may be substituted for the actual exhibit at trial upon the stipulation of the parties and order of the court. This guideline is not meant to alter the rules of discovery or the obligation of a party to make available the original of a document for inspection by another party through discovery or at the Issues Conference.

6. Physical exhibits and documents are not required to be presented in a digitalized format. However, evidence which has not been presented in electronic form customarily will be ordered by the court returned at the end of the appeal period to the party which offered it. Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of the exhibits. Plaintiff will maintain joint exhibits unless the court orders otherwise.

## IX. Use of the Court's Evidence Presentation Systems

1. **On-Site Electronic Evidence Presentation Systems:** Every courtroom has the capability of being equipped with court-based evidence presentation systems for use by the parties. Counsel are strongly encouraged to take advantage of the benefits of the electronic presentation of evidence when in trial at the Civil Complex Center to enhance the orderly and effective presentation of evidence, reduce concerns about the custody and security of exhibits, and reduce the work and expense associated with the tagging, storing and transporting of exhibits. In an appropriate case, the court may require the

use of an electronic evidence presentation system. Electronic evidence presentation systems must be compatible with the court's infrastructure (video distribution amplifier, wiring, conduit, floor receptacles and connectors).

2. **Electronic Evidence Standard Format:** Counsel presenting evidence that is exclusively electronic in form must present the evidence in PDF file format and stored on CD-R. Whenever evidence is presented electronically, the physical custody of exhibits by the clerk is replaced by the electronic record of the exhibits. Evidence must be in sequential order with the exception of JPEG and MPEG files which shall be stored on separate discs. Counsel may also prepare electronic evidence using alternate non-proprietary formats subject to the approval of the court. The compact discs (CDs) must be labeled as follows:

Case #
Case Name
Exhibits _____ to _____
(Original or Backup copy)

The courtroom clerk will maintain an updated exhibit list. When evidence is electronically presented at the trial, the court may require counsel to periodically submit to the clerk an up-to-date CD containing exhibits received into evidence.

It is counsels' responsibility to identify and track redactions, modifications, and substitution of exhibits. Counsel are expected to be prepared to submit an up-to-date evidence CD with all redactions, modifications, and substitutions, as well as impeachment documents used, upon the courtroom clerk's request.

Impeachment exhibits are not pre-marked. However, counsel are responsible for having the document electronically recorded upon being offered into evidence (exhibit numbers may be reserved for this purpose).

If the jury will be provided the evidence in electronic format for its deliberation, the parties are required to meet and confer and submit the final joint exhibit list containing only those exhibits received into evidence. The CD used by the jurors must include the joint exhibit list and the electronically stored exhibits which have been entered into evidence. Submission of the joint evidence CD also serves as a stipulation that all exhibits presented in electronic form to the jury are complete and correct. Any disagreement must be brought to the attention of the court at the earliest reasonable time. Counsel must lodge two (2) evidence CDs of all exhibits received into evidence.

## X.  TRIALS – MOTIONS IN LIMINE

Counsel should attempt to resolve evidentiary disputes at the Local Rule 317 Issues Conference before resorting to filing a motion *in limine*. It is frequently more productive of court time, and the client's money for counsel to informally address at the Issues Conference the issues which could be raised in motions *in limine* and, instead of a motion, present a stipulation to the court on uncontested issues. Matters of day-to-day

trial logistics and common professional courtesy should not be the subject of motions *in limine*. These are matters of common professional courtesy that should be accorded counsel in all trials. See, <u>Kelly v. New West Federal Savings</u> (1996) 49 Cal.App.4[th] 659, 671.

APPENDIX 1

**California Attorney Guidelines of Civility and Professionalism**

(Abbreviated, adopted July 20, 2007)

INTRODUCTION. As officers of the court with responsibilities to the administration of justice, attorneys have an obligation to be professional with clients, other parties and counsel, the courts and the public. This obligation includes civility, professional integrity, personal dignity, candor, diligence, respect, courtesy, and cooperation, all of which are essential to the fair administration of justice and conflict resolution.

These are guidelines for civility. The Guidelines are offered because civility in the practice of Law promotes both the effectiveness and the enjoyment of the practice and economical client representation. The legal profession must strive for the highest standards of attorney behavior to elevate and enhance our service to justice. Uncivil or unprofessional conduct not only disserves the individual involved, it demeans the profession as a whole and our system of justice.

These voluntary Guidelines foster a level of civility and professionalism that exceed the minimum requirements of the mandated Rules of Professional Conduct as the best practices of civility in the practice of law in California. The Guidelines are not intended to supplant these or any other rules or laws that govern attorney conduct. Since the Guidelines are not mandatory rules of professional conduct, nor rules of practice, nor standards of care, they are not to be used as an independent basis for disciplinary charges by the State Bar or claims of professional negligence.

The Guidelines are intended to complement codes of professionalism adopted by bar associations in California. Individual attorneys are encouraged to make these guidelines their personal standards by taking the pledge that appears at the end. The Guidelines can be applicable to all lawyers regardless of practice area. Attorneys are encouraged to comply with both the spirit and letter of these guidelines, recognizing that complying with these guidelines does not in any way denigrate the attorney's duty of zealous representation.

---

SECTION 1. The dignity, decorum and courtesy that have traditionally characterized the courts and legal profession of civilized nations are not empty formalities. They are essential to an atmosphere that promotes justice and to an attorney's responsibility for the fair and impartial administration of justice.

SECTION 2. An attorney should be mindful that, as individual circumstances permit, the goals of the profession include improving the administration of justice and contributing time to persons and organizations that cannot afford legal assistance.

An attorney should encourage new members of the bar to adopt these guidelines of civility and professionalism and mentor them in applying the guidelines.

SECTION 3. An attorney should treat clients with courtesy and respect, and represent them in a civil and professional manner. An attorney should advise current and potential clients that it is not acceptable for an attorney to engage in abusive behavior or other conduct unbecoming a member of the bar and an officer of the court.

As an officer of the court, an attorney should not allow clients to prevail upon the attorney to engage in uncivil behavior.

An attorney should not compromise the guidelines of civility and professionalism to achieve an advantage.

SECTION 4. An attorney's communications about the legal system should at all times reflect civility, professional integrity, personal dignity, and respect for the legal system. An attorney should not engage in conduct that is unbecoming a member of the Bar and an officer of the court.

Nothing above shall be construed as discouraging the reporting of conduct that fails to comply with the Rules of Professional Conduct.

SECTION 5. An attorney should be punctual in appearing at trials, hearings, meetings, depositions and other scheduled appearances.

SECTION 6. An attorney should advise clients that civility and courtesy in scheduling meetings, hearings and discovery are expected as professional conduct.

In considering requests for an extension of time, an attorney should consider the client's interests and need to promptly resolve matters, the schedules and willingness of others to grant reciprocal extensions, the time needed for a task, and other relevant factors.

Consistent with existing law and court orders, an attorney should agree to reasonable requests for extensions of time that are not adverse to a client's interests.

SECTION 7. The timing and manner of service of papers should not be used to the disadvantage of the party receiving the papers.

SECTION 8. Written materials directed to counsel, third parties or a court should be factual and concise and focused on the issue to be decided.

SECTION 9. Attorneys are encouraged to meet and confer early in order to explore voluntary disclosure, which includes identification of issues, identification of persons with knowledge of such issues, and exchange of documents.

Attorneys are encouraged to propound and respond to formal discovery in a manner designed to fully implement the purposes of the California Discovery Act.

An attorney should not use discovery to harass an opposing counsel, parties or witnesses. An attorney should not use discovery to delay the resolution of a dispute.

SECTION 10. An attorney should consider whether, before filing or pursuing a motion, to contact opposing counsel to attempt to informally resolve or limit the dispute.

SECTION 11. It is important to promote high regard for the profession and the legal system among those who are neither attorneys nor litigants. An attorney's conduct in dealings with nonparty witnesses should exhibit the highest standards of civility.

SECTION 12. In a social setting or otherwise, an attorney should not communicate ex parte with a judicial officer on the substance of a case pending before the court, unless permitted by law.

SECTION 13. An attorney should raise and explore with the client and, if the client consents, with opposing counsel, the possibility of settlement and alternative dispute resolution in every case as soon possible and, when appropriate, during the course of litigation.

SECTION 14. To promote a positive image of the profession, an attorney should always act respectfully and with dignity in court and assist the court in proper handling of a case.

SECTION 15. An attorney should not take the default of an opposing party known to be represented by counsel without giving the party advance warning.

SECTION 16. An attorney should avoid even the appearance of bias by notifying opposing counselor an unrepresented opposing party of any close, personal relationships between the attorney and a judicial officer, arbitrator, mediator or court-appointed expert and allowing a reasonable opportunity to object.

SECTION 17. An attorney should respect the privacy rights of parties and non-parties.

SECTION 18. An attorney should negotiate and conclude written agreements in a cooperative manner and with informed authority of the client.

In addition to other applicable Sections of these Guidelines, attorneys engaged in a transactional practice have unique responsibilities because much of the practice is conducted without judicial supervision.

SECTION 19. In addition to other applicable Sections of these Guidelines, in family law proceedings an attorney should seek to reduce emotional tension and trauma and encourage the parties and attorneys to interact in a cooperative atmosphere, and keep the best interests of the children in mind.

SECTION 20. In addition to other applicable Sections of these Guidelines, criminal law practitioners have unique responsibilities. Prosecutors are charged with seeking justice, while defenders must zealously represent their clients even in the face of seemingly overwhelming evidence of guilt. In practicing criminal law, an attorney should appreciate these roles.

SECTION 21. Judges are encouraged to become familiar with these Guidelines and to support and promote them where appropriate in court proceedings.

ATTORNEY'S PLEDGE. I commit to these Guidelines of Civility and Professionalism and will be guided by a sense of integrity, cooperation and fair play.

I will abstain from rude, disruptive, disrespectful, and abusive behavior, and will act with dignity, decency, courtesy, and candor with opposing counsel, the courts and the public.

As part of my responsibility for the fair administration of justice, I will inform my clients of this commitment and, in an effort to help promote the responsible practice of law, I will encourage other attorneys to observe these Guidelines.

(Rev. May 4, 2010)

Case 8:22-cv-01398-JVS-DFM Document 1-1 Filed 07/28/22 Page 56 of 82 Page ID #:71
Electronically Filed by Superior Court of California, County of Orange, 12/22/2020 10:28:00 AM.
30-2020-01168045-CU-TT-CXC - ROA # 48 - DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk.

F:\WP\Cases\1777\NOTICES\RULINGS\2020-12-22, Complex Case & Setting CMC.wpd

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
RAPHAEL METZGER, ESQ., SBN 116020
SCOTT P. BRUST, ESQ., SBN 215951
555 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA 90802
TELEPHONE: (562) 437-4499
TELECOPIER: (562) 436-1561
WEBSITE: www.toxictorts.com

Attorneys for Plaintiffs,
THOMAS E. MCKINNON and RENEE L. MCKINNON

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, COMPLEX CIVIL CENTER

| | |
|---|---|
| THOMAS E. MCKINNON and RENEE L. MCKINNON,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLIED INDUSTRIAL TECHNOLOGIES, as successor in interest to UZ Engineered Products, an Ohio corporation; COTTO-WAXO COMPANY, a Missouri corporation; ECLECTIC PRODUCTS LLC, as successor in interest to Eclectic Products, Inc. an Oregon limited liability company; HENRY COMPANY LLC, a California limited liability company; KESTER LLC, is an Illinois limited liability company; THE LIGHTHOUSE FOR THE BLIND (LHB INDUSTRIES), a Missouri corporation; LSPS INC., as successor in interest to Dymon, Inc. a Delaware corporation; MOMAR, INCORPORATED, as successor in interest to Superco Specialty Products. a Georgia corporation; OMEGA INDUSTRIAL SUPPLY, INC., a California corporation; RUST-OLEUM CORPORATION, an Illinois corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 30-2020-01168045-CU-TT-CXC<br>*Assigned to the Hon. William Claster, Dept. CX-104*<br><br>**NOTICE OF COURT ORDER DEEMING CASE COMPLEX AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>DATE: February 1, 2021<br>TIME: 8:30 a.m.<br>DEPT: CX104 |

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WPI\Cases\1777\NOTICES\RULINGS\2020-12-22, Complex Case & Setting CMC.wpd

TO THE PARTIES HERETO, AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Court has issued an order, deeming the case complex and setting a Case Management Conference for 8:30 a.m. on February 1, 2021. A copy of the Court's Minute Order, dated December 10, 2020, is attached hereto.

DATED: December 22, 2020

METZGER LAW GROUP
A Professional Law Corporation

SCOTT P. BRUST, ESQ.
Attorneys for Plaintiffs
THOMAS E. MCKINNON
and RENEE L. MCKINNON

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1

NOTICE OF COURT ORDER DEEMING CASE COMPLEX
AND SETTING CASE MANAGEMENT CONFERENCE

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 12/10/2020              TIME: 09:39:00 AM        DEPT: CX104
JUDICIAL OFFICER PRESIDING: William Claster
CLERK: Gus Hernandez
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

CASE NO: 30-2020-01168045-CU-TT-CXC   CASE INIT.DATE: 10/30/2020
CASE TITLE: McKinnon vs. APPLIED INDUSTRIAL TECHNOLOGIES, as successor in
interest to UZ Engineered Products, an Ohio corporation
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Toxic Tort/Environmental

EVENT ID/DOCUMENT ID: 73423256
EVENT TYPE: Chambers Work

**APPEARANCES**

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule
of Court 3.714 due to exceptional circumstances and estimates that the maximum time required to
dispose of this case will exceed twenty-four months due to the following case evaluation factor of
California Rules of Court 3.715 & 3.400: Case is complex.

Each party who has not paid the Complex fee of $ 1,000 as required by Government Code section 70616
shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure
to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive
pleadings and entry of default.

The Case Management Conference is scheduled for 02/01/2021 at 08:30 AM in Department CX104.

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange,
Rule 352. Plaintiff shall give notice of the electronic filing requirement to all parties of record or known to
plaintiff, and shall attach a copy of this minute order.

**The Court issues the attached Case Management Conference Order.**

Court orders clerk to give notice.

DATE: 12/10/2020                          MINUTE ORDER                          Page 1
DEPT: CX104                                                                     Calendar No.

## CASE MANAGEMENT CONFERENCE ORDER

Prior to the Initial Case Management Conference, counsel for all parties are ordered to meet and confer in person (no later than 10 days before the conference) and discuss the following topics. Additionally, counsel shall be prepared to discuss these issues with this Court at the Initial Case Management Conference:

1. Parties and the addition of parties;
2. Claims and defenses;
3. Issues of law that, if considered by the Court, may simplify or foster resolution of the case.
4. Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, mandatory settlement conference, arbitration, mini-trial, etc.);
5. A plan for preservation of evidence;
6. A plan for disclosure and discovery;
7. Whether it is possible to plan "staged discovery" so that information needed to conduct meaningful ADR is obtained early in the case, allowing the option to complete discovery if the ADR effort is unsuccessful;
8. Whether a structure of representation such as liaison/lead counsel is appropriate for the case in light of multiple plaintiffs and/or multiple defendants;
9. Procedures for the drafting of a Case Management Order, if appropriate;
10. Any issues involving the protection of evidence and confidentiality.

**Counsel for plaintiff is to take the lead in preparing a Joint Initial Case Management Conference report to be filed on or before** _1-25-2021_.

The Joint Initial Case Management Conference Report is to include the following:

1. A list of all parties and counsel;
2. A statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
3. An outline of the claims and cross-claims and the parties against whom each claim is asserted;
4. Service lists and procedures for efficient service filing;
5. Whether any issues of jurisdiction or venue exist that might affect this Court's ability to proceed with this case;
6. Applicability and enforceability of arbitration clauses;
7. A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;
8. A description of core factual and legal issues;
9. A description of legal issues that, if decided by the Court, may simplify or further resolution of the case;

66.546775. 4 of 5

10. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations on discovery;
11. Whether particular documents and witness information can be exchanged by agreement of the parties;
12. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
13. The usefulness of a written case management order; and
14. A target date and a time estimate for trial.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Case Management Conference Report, the positions of each party or of various parties shall be set forth separately. The parties are NOT to use the case management conference form for non-complex cases (Judicial Council Form CM-110).

Plaintiff shall give notice of the Case Management Conference and serve a copy of this order upon any defendants presently or subsequently served.

ATTORNEYS APPEARING AT THE CASE MANAGEMENT CONFERENCE MUST BE FULLY FAMILIAR WITH THE PLEADINGS AND THE AVAILABLE FACTUAL INFORMATION, AND MUST ALSO HAVE THE AUTHORITY TO ENTER INTO STIPULATIONS. THESE REQUIREMENTS SHALL ALSO APPLY TO ANY FUTURE STATUS CONFERENCES HELD IN THIS CASE.

The Court orders a stay on discovery until after the Initial Case Management Conference is held. Notwithstanding the stay, the Court encourages the parties to engage in an informal exchange of information and documents.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

**SHORT TITLE:** McKinnon vs. APPLIED INDUSTRIAL TECHNOLOGIES, as successor in interest to UZ Engineered Products, an Ohio corporation

| CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | CASE NUMBER:<br>30-2020-01168045-CU-TT-CXC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above dated has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 12/10/20. Following standard court practice the mailing will occur at Sacramento, California on 12/11/20.

METZGER LAW GROUP
555 E OCEAN BOULEVARD 800
LONG BEACH, CA 90802-4966

Clerk of the Court, by: _____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                    Code of Civ. Procedure , § CCP 1013(a)

66.546775 . 2 of 5

F:\WP\Cases\1777\NOTICES\RULINGS\2020-12-22, Complex Case & Setting CMC.wpd

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES )

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 555 East Ocean Blvd., #800, Long Beach, CA 90802.

    On December 22, 2020, I served the foregoing document, described as: **NOTICE OF COURT ORDER DEEMING CASE COMPLEX AND SETTING CASE MANAGEMENT CONFERENCE** on the parties to this action as follows:

    **X (BY MAIL)** I caused copies of such document, enclosed in sealed envelopes, to be deposited in the mail at Long Beach, California with postage thereon fully prepaid to the persons and addresses indicated on the attached list. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing set forth in this affidavit.

    **(BY FACSIMILE)** I served the foregoing document by faxing true copies thereof from facsimile number (562) 436-1561, to the facsimile numbers indicated on the attached list. Said document was transmitted by facsimile transmission, which was reported complete and without error.

    **(BY PERSONAL SERVICE)** I caused to be delivered such document by hand to the firms listed on the attached list where personal service is indicated.

    **(BY E-MAIL)** I delivered such document by electronic mail to the firms listed on the attached list.

    **(BY OVERNIGHT MAIL)** I caused such document to be delivered to the firms indicated on the attached list by Express Mail or by another express service carrier, by placing the document in an envelope designated by the carrier and addressed as indicated on the attached list, with the delivery fees provided for, and depositing same in a box or facility regularly maintained by that carrier or by delivering same to an authorized courier or driver authorized by the carrier to receive documents.

    **X (STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    **(FEDERAL)** I declare that I am employed in the offices of a member of this court, at whose direction service was made.

    Executed on December 22, 2020, at Long Beach, California.

                Nina S. Vidal, Declarant

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**2**

NOTICE OF COURT ORDER DEEMING CASE COMPLEX
AND SETTING CASE MANAGEMENT CONFERENCE

F:\WP\Cases\1777\NOTICES\RULINGS\2020-12-22, Complex Case & Setting CMC.wpd

SERVICE LIST
(*McKinnon v. Applied Industrial Technologies*,
Case No. 30-2020-01168045-CU-TT-CXC)

-o0o-

Karen M. Sullivan, Esq.
Amber K. Kristedja, Esq.
Manning Gross + Mssenburg LLP
400 Spectrum Center Dr., Suite 1450
Irvine, CA 92618
(Rust-Oleum Corporation)

Thomas F. Vandenburg, Esq.
Rudolf Petrosyan, Esq.
Wood, Smith, Henning & Berman LLP
505 N. Brand Blvd., Suite 1100
Glendale, CA 91203
(Applied Industrial Technologies)

Kimberly Blake, Esq.
Thomas J. Tobin, Esq.
Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
(Lighthouse for the Blind [LHB Industries, Inc.])

Updated 12/21/20 nsv

NOTICE OF COURT ORDER DEEMING CASE COMPLEX
AND SETTING CASE MANAGEMENT CONFERENCE

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1777\CASEMGMT\Stip Re E-Svc\2020-12-24, Stip re E Svc, Final.wpd

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
RAPHAEL METZGER, ESQ., SBN 116020
SCOTT P. BRUST, ESQ., SBN 215951
555 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA 90802
TELEPHONE: (562) 437-4499
TELECOPIER: (562) 436-1561
WEBSITE: www.toxictorts.com

Attorneys for Plaintiffs,
THOMAS E. MCKINNON and RENEE L. MCKINNON

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 0 1 2021

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, COMPLEX CIVIL CENTER

| | |
|---|---|
| THOMAS E. MCKINNON and RENEE L. MCKINNON,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLIED INDUSTRIAL TECHNOLOGIES, as successor in interest to UZ Engineered Products, an Ohio corporation; COTTO-WAXO COMPANY, a Missouri corporation; ECLECTIC PRODUCTS LLC, as successor in interest to Eclectic Products, Inc. an Oregon limited liability company; HENRY COMPANY LLC, a California limited liability company; KESTER LLC, is an Illinois limited liability company; THE LIGHTHOUSE FOR THE BLIND (LHB INDUSTRIES), a Missouri corporation; LSPS INC., as successor in interest to Dymon, Inc. a Delaware corporation; MOMAR, INCORPORATED, as successor in interest to Superco Specialty Products. a Georgia corporation; OMEGA INDUSTRIAL SUPPLY, INC., a California corporation; RUST-OLEUM CORPORATION, an Illinois corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 30-2020-01168045-CU-TT-CXC<br>*Assigned to the Hon. William Claster, Dept. CX-104*<br><br>**STIPULATION AND [PROPOSED] ORDER AUTHORIZING ELECTRONIC SERVICE** |

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**STIPULATION AND [PROPOSED] ORDER AUTHORIZING ELECTRONIC SERVICE**

F:\WF\Case\1777\CASE\MGMT\Stip Re E-Svc\2020-12-24, Stip re E Svc, Final.wpd

IT IS HEREBY STIPULATED by and between counsel for Plaintiffs and counsel for Defendants that electronic service utilizing File & ServeXpress is necessary for the expeditious and efficient resolution of the above-captioned litigation. When a party to this litigation wishes to serve a document to counsel of record, that party shall effectuate service of the document by the procedures set forth in this Order (subject to the exceptions outlined herein):

**A.    FILE & SERVEXPRESS**

1.    In order to facilitate case management, document retrieval and case organization, the parties will utilize the services of File & ServeXpress ("FSX") and its litigation system (the "System") for providing electronic service, storage and delivery of court-filed and discovery-related documents through a secure website to facilitate expeditious, efficient and economical communication by and amongst counsel. The Court, at its option, may also use FSX and its System for these purposes as well to communicate with counsel of record.

**B.    SERVICE ONLY**

2.    The System shall apply only to the service of documents, and not to their filing. Original documents must still be filed pursuant to the applicable California Rules of Civil Procedure and Local Rules of such Court.

**C.    SERVICE LIST & SIGN-UP**

3.    Within five (5) days of this Order, plaintiff's counsel shall submit to FSX (eservice@fileandservexpress.com) a complete and current service list of counsel of record for this litigation. Within five (5) days of this Order, or within five (5) days of the entry of appearance for a new attorney of record, each attorney of record for this litigation shall register for electronic service in this litigation by completing the application located at the following website: http://www.fileandservexpress.com.

**D.    SERVICE OF DOCUMENTS AND WEBSITE**

4.    When any counsel of record wishes to serve a document, that counsel shall serve the document according to all the requirements and procedures of this Order. All references to "document" in this Order shall be interpreted to include any exhibits or attachments to the document and shall include both pleadings and discovery-related documents (such as interrogatories, requests

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1

F:\WP\Cases\1777\CASEMGMT\Stip Re E-Svc\2020-12-24, Stip re E Svc, Final.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1 for production, deposition notices/transcripts, etc.); provided, however, that each attorney shall
2 (subject to certain limitations specified below) determine individually whether to utilize the System
3 to serve correspondence and/or the actual production of discovery documents in response to another
4 party's request for production. A party shall only utilize the System for the actual production of
5 documents in response to a discovery request so long as doing so will not conflict with the requesting
6 party's specified form of production, e.g., TIFF files, native files, and so on.

7    5.    FSX shall establish and maintain an Internet website (the "Website") for this
8 litigation. FSX will post to the Website all documents served through the System by the parties as
9 provided in this Order and shall serve each document on the parties included on the service list
10 provided to FSX in accordance with the procedures herein.

11    6.    Each attorney shall serve each document via electronic transfer of the document file
12 to FSX via the Internet (either as an Adobe Portable Document Format ("PDF") file, word-
13 processing file or a scanned image of the document). Each attorney shall title each document to
14 identify the type and purpose of each document and the party who is submitting such document.
15 Each document electronically served pursuant to this Order shall be deemed to have been served
16 under the California Rules of Civil Procedure.

17    However, if a party is unable to submit a document for service through FSX due to technical
18 difficulties, the party may serve the document through personal delivery, e-mail, facsimile
19 transmission, express mail or other means reasonably calculated to ensure delivery not later than the
20 close of the next business day after the time the document is filed.

21    7.    After FSX receives a document, FSX shall, if necessary, convert such document into
22 Adobe Portable Document Format ("PDF") and post it to the Website within one (1) hour of receipt.

23    8.    Within one (1) hour of the time a document is posted to the Website, FSX shall send
24 an email to all registered users notifying them that the document has been posted to the Website
25 (unless such registered user has declined to receive such email notifications, or made other
26 arrangements with FSX). The email shall contain hypertext link(s) to the document location(s) on
27 the System (or, if so designated by the recipient, the email shall have the served document attached
28 thereto).

2

STIPULATION AND [PROPOSED] ORDER AUTHORIZING ELECTRONIC SERVICE

F:\WP\Cases\1777\CASEMGMT\Stip Re E-Svc\2020-12-24, Stip re E Svc, Final.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA, 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

9.    All documents posted on the System will be identified by: (a) the name of the serving law firm; (b) the caption(s) of the case(s) to which the document belongs; (c) the title of the document set forth on its caption; and (d) the identity of the party on whose behalf the document is being served.

10.    The System shall contain an index of all served documents for the litigation that will be searchable and sortable according to methods that provide useful 24/7 365 days' access to the documents.

11.    Access to the System will be limited to registered users. Registered users will consist of authorized Court personnel, counsel of record and their designated staff members. FSX will provide each registered user with a username and password to access the System and the documents served in the litigation. FSX personnel will perform all administrative functions for the System, but all initial data, additions, deletions or changes to the service list must be approved by the Plaintiffs and Defendants.

12.    Every pleading, document and instrument served electronically shall bear a facsimile or typographical signature of at least one of the attorneys of record, along with the typed name, address, telephone number and State Bar of California number of such attorney. Typographical signatures shall be treated exactly as personal signatures for purposes of electronically served documents under the California Rules of Civil Procedure. The serving party of any document requiring multiple signatures (e.g., stipulations, joint status reports) must list thereon all the names of other signatories by means of an "s/____" block for each. By submitting such a document, the serving party certifies that each of the other signatories has expressly agreed to the form and substance of the document and that the serving party has the actual authority to submit the document electronically. The serving party must maintain any records evidencing this concurrence for subsequent production to the Court if so ordered or for inspection upon request by a party.

13.    Any document transmitted to the System shall certify in the Proof of Service that a true and correct copy was electronically served on counsel of record by transmission to FSX.

//

//

3

STIPULATION AND [PROPOSED] ORDER AUTHORIZING ELECTRONIC SERVICE

F:\WPA\Cases\177\CASES\GM1\2020-12-24, Stip re E Svc.wpd

14.     Until further notice, documents filed under seal ("sealed documents") shall not be served through the System. Instead, the service of sealed documents shall be made pursuant to the applicable California Rules of Civil Procedure.

15.     FSX shall have available to counsel of record and the Court a 24-hour 365 days help desk hotline at (888) 529-7587 and website - http://www.fileandserveexpress.com/support.

16.     FSX shall be instructed to place the Court on the list of those who can access the documents served in this manner which are also filed, as well as discovery, but not as to matters of correspondence between the parties. If FSX is unable to do so, the remainder of this order shall be effective, nonetheless.

17.     The time for any response to documents served as described above shall be extended by two court days pursuant to Code of Civil Procedure § 1010.6(a)(4), unless such documents are also personally served.

DATED:    01/29   , 2021          METZGER LAW GROUP
                                  A Professional Law Corporation


                                  RAPHAEL METZGER, ESQ.
                                  SCOTT P. BRUST, ESQ.
                                  Attorneys for Plaintiffs,
                                  THOMAS E. MCKINNON and RENEE L. MCKINNON

DATED: 1/21/21  , 2021            MANNING GROSS + MASSENBURG LLP


                                  KAREN M. SULLIVAN, ESQ.
                                  AMBER K. KRISTEDJA, ESQ.
                                  Attorney for Defendant
                                  RUST-OLEUM CORPORATION

DATED: 01/28, , 2021              WOOD, SMITH, HENNING & BERMAN LLP


                                  /s/ Rudolf Petrosyan

                                  THOMAS F. VANDENBURG, ESQ.
                                  RUDOLF PETROSYAN, ESQ.
                                  Attorneys for Defendant
                                  APPLIED INDUSTRIAL TECHNOLOGIES

4

**STIPULATION AUTHORIZING ELECTRONIC SERVICE**

telephone (562) 437-4499
toll-free (877) tox-tort
telecopier (562) 436-1561
www.toxictorts.com

metzger law group
a professional law corporation
555 east ocean boulevard, suite 800
long beach, california 90802

Practice concentrated in toxic
tort & environmental litigation
occupational & environmental lung
disease, cancer, and toxic injuries

F:\WP\Cases\1777\CASEMGMT\2020-12-24, Stp re E Svc.wpd

DATED:   01/20 , 2021                GORDON REES SCULLY MANSUKHANI, LLP


/s/ Thomas J. Tobin
THOMAS J. TOBIN, ESQ.
MATTHEW NUGENT, ESQ.
Attorneys for Defendant
LIGHTHOUSE FOR THE BLIND
[LHB INDUSTRIES, INC.]

DATED:   01/28 , 2021                HAWXHURST HARRIS LLP


/s/ David S. Harris
GERALD E. HAWXHURST, ESQ.
DAVID S. HARRIS, ESQ.
KYLE FOLTYN-SMITH, ESQ.
Attorneys for Defendant
KESTER LLC

DATED:   01/20 , 2021                GORDON REES SCULLY MANSUKHANI, LLP


/s/ Thomas J. Tobin
THOMAS J. TOBIN, ESQ.
Attorneys for Defendant
ECLECTIC PRODUCTS, LLC

DATED:_____ , 2021                GORDON REES SCULLY MANSUKHANI, LLP


BRIAN M. LEDGER, ESQ.
Attorneys for Defendant
MOMAR INCORPORATED

DATED: 1 2.1 , 2021                LAW OFFICES OF KARL S. THURMOND


KARL S. THURMOND, ESQ.
Attorneys for Defendant
HENRY COMPANY LLC

telephone (562) 437-4499
toll-free (877) tox-tort
telecopier (562) 436-1561
www.toxictorts.com

metzger law group
a professional law corporation
555 east ocean boulevard, suite 800
long beach, california 90802

Practice concentrated in toxic
tort & environmental litigation
occupational & environmental lung
disease, cancer, and toxic injuries

5

F:\WP\Cases\1777\CASEMGMT\2020-12-24, Stip re E Svc.wpd

telephone (562) 437-4499
toll-free (877) tox-tort
telecopier (562) 436-1561
www.toxictorts.com

metzger law group
a professional law corporation
555 east ocean boulevard, suite 800
long beach, california 90802

Practice concentrated in toxic
tort & environmental litigation
occupational & environmental lung
disease, cancer, and toxic injuries

1  DATED:_____, 2021        GORDON REES SCULLY MANSUKHANI, LLP

2

3

4                                       _____
                                        KIMBERLY BLAKE, ESQ.
                                        THOMAS J. TOBIN, ESQ.
5                                       Attorneys for Defendant
                                        LIGHTHOUSE FOR THE BLIND
6                                       [LHB INDUSTRIES, INC.]

7  DATED:_____, 2021        HAWXHURST HARRIS LLP

8

9                                       _____
                                        GERALD E. HAWXHURST, ESQ.
10                                      DAVID S. HARRIS, ESQ.
                                        KYLE FOLTYN-SMITH, ESQ.
11                                      Attorneys for Defendant
                                        KESTER LLC

12  DATED:_____, 2021       GORDON REES SCULLY MANSUKHANI, LLP

13

14

15                                      _____
                                        THOMAS J. TOBIN, ESQ.
                                        Attorneys for Defendant
16                                      ECLECTIC PRODUCTS, LLC

17  DATED: Jan. 21 , 2021      GORDON REES SCULLY MANSUKHANI, LLP

18

19                                      _____
                                        BRIAN M. LEDGER, ESQ.
20                                      Attorneys for Defendant
                                        MOMAR INCORPORATED

21  DATED:_____, 2021       LAW OFFICES OF KARL S. THURMOND

22

23

24                                      _____
                                        KARL S. THURMOND, ESQ.
                                        Attorneys for Defendant
25                                      HENRY COMPANY LLC

26

27

28

                                        5
━━━━━━━━━━STIPULATION AUTHORIZING ELECTRONIC SERVICE

F:\WP\Cases\1777\CASEMGMT\Stp Re E-Svc\2020-12-24, Stp re E Svc, Final.wpd

DATED:  January 26, 2021          MURCHISON & CUMMING LLP


                                   /s/ Joshua W. Praw

                                   GUY R. GRUPPE, ESQ.
                                   ERIC P. WEISS, ESQ.
                                   JOSHUA W. PRAW, ESQ.
                                   Attorneys for Defendant
                                   OMEGA INDUSTRIAL SUPPLY, INC.

DATED:    01/28  , 2021           MANNING GROSS + MASSENBURG LLP


                                   /s/ Hilda A. Akopyan

                                   LINDSAY WEISS, ESQ.
                                   HILDA A. AKOPYAN, ESQ.
                                   Attorney for Defendant
                                   ILLINOIS TOOL WORKS INC.



### ORDER AUTHORIZING ELECTRONIC SERVICE

The Stipulation of the parties is approved and accepted.  The parties shall abide by the foregoing Stipulation.

**IT IS SO ORDERED.**

DATED:   2-1-21

                                   Will D. Claster
                                   Honorable William Claster
                                   Judge of the Orange County Superior Court

---

6

**STIPULATION AND [PROPOSED] ORDER AUTHORIZING ELECTRONIC SERVICE**

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1777\CASEMGMT\Stip Re E-Svc\2020-12-24, Stip re E Svc, Final.wpd

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES )

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 555 East Ocean Blvd., #800, Long Beach, CA 90802.

    On January 29, 2021, I served the foregoing document, described as: **STIPULATION AND [PROPOSED] ORDER AUTHORIZING ELECTRONIC SERVICE** on the parties to this action as follows:

    **X (BY MAIL)** I caused copies of such document, enclosed in sealed envelopes, to be deposited in the mail at Long Beach, California with postage thereon fully prepaid to the persons and addresses indicated on the attached list. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing set forth in this affidavit.

    **(BY FACSIMILE)** I served the foregoing document by faxing true copies thereof from facsimile number (562) 436-1561, to the facsimile numbers indicated on the attached list. Said document was transmitted by facsimile transmission, which was reported complete and without error.

    **(BY PERSONAL SERVICE)** I caused to be delivered such document by hand to the firms listed on the attached list where personal service is indicated.

    **(BY E-MAIL)** I delivered such document by electronic mail to the firms listed on the attached list.

    **(BY OVERNIGHT MAIL)** I caused such document to be delivered to the firms indicated on the attached list by Express Mail or by another express service carrier, by placing the document in an envelope designated by the carrier and addressed as indicated on the attached list, with the delivery fees provided for, and depositing same in a box or facility regularly maintained by that carrier or by delivering same to an authorized courier or driver authorized by the carrier to receive documents.

    **X (STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    **(FEDERAL)** I declare that I am employed in the offices of a member of this court, at whose direction service was made.

    Executed on January 29, 2021, at Long Beach, California.

                    Nina S. Vidal, Declarant

7

**STIPULATION AND [PROPOSED] ORDER AUTHORIZING ELECTRONIC SERVICE**

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXITORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

F:\WP\Cases\1777\CASEMGMT\Stip Re E-Svc\2020-12-24, Stip re E Svc, Final.wpd

SERVICE LIST
(*McKinnon v. Applied Industrial Technologies*,
Case No. 30-2020-01168045-CU-TT-CXC)

-oOo-

1

2

3

4   Karen M. Sullivan, Esq.                     Karl S. Thurmond, Esq.
    Amber K. Kristedja, Esq.                    Law Offices of Karl S. Thurmond
5   Manning Gross + Massenburg LLP              11777 San Vicente Blvd., Suite 890
    400 Spectrum Center Dr., Suite 1450         Los Angeles, CA 90049
6   Irvine, CA 92618                            (Henry Company LLC)
7   (Rust-Oleum Corporation)

                                                Guy R. Gruppe, Esq.
8   Thomas F. Vandenburg, Esq.                  Eric P. Weiss, Esq.
    Rudolf Petrosyan, Esq.                      Joshua W. Praw, Esq.
9   Wood, Smith, Henning & Berman LLP           Murchison & Cumming, LLP
    505 N. Brand Blvd., Suite 1100              801 S. Grand Ave., 9th Flr.
10  Glendale, CA 91203                          Los Angeles, CA 90017-4613
11  (Applied Industrial Technologies)           (Omega Industrial Supply, Inc.)

12  Thomas J. Tobin, Esq.                       Lindsay Weiss, Esq.
    Matthew Nugent, Esq.                        Hilda A. Akopyan, Esq.
13  Gordon Rees Scully Mansukhani, LLP          Manning Gross + Massenburg LLP
    101 W. Broadway, Suite 2000                 444 S. Flower St., Suite 2150
14  San Diego, CA 92101                         Los Angeles, CA 90071
    (Lighthouse for the Blind [LHB Industries, Inc.])  (Illinois Tool Works Inc.)
15

16  Gerald E. Hawxhurst, Esq.                   Updated 01/21/21 nsv
    David S. Harris, Esq.
17  Kyle Foltyn-Smith, Esq.
    Hawxhurst Harris LLP
18  11111 Santa Monica Blvd., Suite 620
    Los Angeles, CA 90025
19  (Kester LLC)

20  Thomas J. Tobin, Esq.
    Matthew Nugent, Esq.
21  Gordon Rees Scully Mansukhani, LLP
    101 W. Broadway, Suite 2000
22  San Diego, CA 92101
    (Eclectic Products, LLC)
23

24  Brian M. Ledger, Esq.
    Gordon Rees Scully Mansukhani, LLP
25  101 W. Broadway, Suite 2000
    San Diego, CA 92101
26  (Momar Incorporated)

27

28

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

8

**STIPULATION AND [PROPOSED] ORDER AUTHORIZING ELECTRONIC SERVICE**

Electronically Filed by Superior Court of California, County of Orange, 02/04/2022 12:50:00 PM.
30-2020-01168045-CU-TT-CXC - ROA # 174 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

\\\mel-nas\casefiles\WP\Cases\1777\NOTICES\RULINGS\2022-01-31 NOR TSC.wpd

<table>
<tr><td>

TELEPHONE (562) 437-4499<br>
TOLL-FREE (877) TOX-TORT<br>
TELECOPIER (562) 436-1561<br>
WWW.TOXICTORTS.COM

</td><td>

1
2
3
4
5
6
7
8
9
10

</td><td>

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
RAPHAEL METZGER, ESQ., SBN 116020
SCOTT P. BRUST, ESQ., SBN 215951
555 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA 90802
TELEPHONE: (562) 437-4499
TELECOPIER: (562) 436-1561
WEBSITE: www.toxictorts.com

Attorneys for Plaintiffs,
THOMAS E. MCKINNON and RENEE L. MCKINNON


SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, COMPLEX CIVIL CENTER

</td></tr>
</table>

| | | |
|---|---|---|
| **THOMAS E. MCKINNON and RENEE L. MCKINNON**<br><br>Plaintiff,<br><br>vs. _____<br><br>APPLIED INDUSTRIAL TECHNOLOGIES, as successor in interest to UZ Engineered Products, an Ohio corporation; COTTO-WAXO COMPANY, a Missouri corporation; ECLECTIC PRODUCTS LLC, as successor in interest to Eclectic Products, Inc. an Oregon limited liability company; HENRY COMPANY LLC, a California limited liability company; KESTER LLC, is an Illinois limited liability company; THE LIGHTHOUSE FOR THE BLIND (LHB INDUSTRIES), a Missouri corporation; LSPS INC., as successor in interest to Dymon, Inc. a Delaware corporation; MOMAR, INCORPORATED, as successor in interest to Superco Specialty Products. a Georgia corporation; OMEGA INDUSTRIAL SUPPLY, INC., a California corporation; RUST-OLEUM CORPORATION, an Illinois corporation; and DOES 1 through 100, inclusive,<br><br>_____Defendants. | | CASE NO. 30-2020-01168045-CU-TT-CXC<br>*Assigned to the Hon. William Claster, Dept.*<br>*CX-104*<br><br>**NOTICE OF ORDERS MADE ON JANUARY 28, 2022** |

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

**NOTICE OF ORDERS MADE ON JANUARY 28, 2022**

\\met-nas\casefiles\WP\Cases\1777\NOTICES\RULINGS\2022-01-31 NOR TSC.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

TO THE PARTIES HERETO AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 28, 2022, the Court conducted a Case Management Conference, whereupon the Court made the following rulings:

1.   A Trial Readiness Conference will be conducted as follows:.

**April 28, 2023**

**1:30 p.m.**

**Dept. CX-104**

2.   The jury trial is scheduled as follows:

**May 8, 2023**

**9:00 a.m.**

**Dept. CX-104**

3.   This matter has an ADR completion deadline of **December 9, 2022**.

4.   A further Case Management Conference is scheduled follows:

**July 21, 2022**

**9:00 a.m.**

**Dept. CX-104**

5.   The parties are direct to file an updated joint case management statement no later than July 13, 2022.

6.   The Court directed Plaintiffs' counsel to give notice of the court's rulings.

DATED: January 31, 2022

METZGER LAW GROUP
A Professional Law Corporation

SCOTT P. BRUST, ESQ.
Attorneys for Plaintiffs
THOMAS E. MCKINNON and
RENEE L. MCKINNON

1

**NOTICE OF ORDERS MADE ON JANUARY 28, 2022**

\\mst-nas\casefiles\WP\Cases\1777\NOTICES\RULINGS\2022-01-31 NOR TSC.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**ELECTRONIC PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES)

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and am not a party to the within action.  My business address is 555 E. Ocean Blvd., 8th Floor, Long Beach, CA 90802.

     On February 1, 2022, I served the foregoing document, described as: **NOTICE OF ORDERS MADE ON JANUARY 28, 2022** on the interested parties to this action by submitting an electronic version of the document via FTP upload to File&ServeXpress pursuant to the Court's Order.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on February 1, 2022, at Long Beach, California.

                         Mitzi Ortiz, Declarant

**2**

**NOTICE OF ORDERS MADE ON JANUARY 28, 2022**

\\met-nas\casefiles\WP\Cases\1777\NOTICES\RULINGS\2022-01-31 NOR TSC.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

SERVICE LIST
(*McKinnon v. Applied Industrial Technologies*,
Case No. 30-2020-01168045-CU-TT-CXC)

-o0o-

Karen M. Sullivan, Esq.
Amber K. Kristedja, Esq.
Manning Gross + Massenburg LLP
400 Spectrum Center Dr., Suite 1450
Irvine, CA 92618
(Rust-Oleum Corporation)

Thomas F. Vandenburg, Esq.
Rudolf Petrosyan, Esq.
Wood, Smith, Henning & Berman LLP
505 N. Brand Blvd., Suite 1100
Glendale, CA 91203
(Applied Industrial Technologies; State Industrial Products
Corporation)

Thomas J. Tobin, Esq.
Matthew Nugent, Esq.
Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
(Lighthouse for the Blind [LHB Industries, Inc.])

Gerald E. Hawxhurst, Esq.
David S. Harris, Esq.
Kyle Foltyn-Smith, Esq.
Hawxhurst Harris LLP
11111 Santa Monica Blvd., Suite 620
Los Angeles, CA 90025
(Kester LLC)

Thomas J. Tobin, Esq.
Matthew Nugent, Esq.
Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
(Eclectic Products, LLC)

Brian M. Ledger, Esq.
Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
(Momar Incorporated)

Karl S. Thurmond, Esq.
Law Offices of Karl S. Thurmond
11777 San Vicente Blvd., Suite 890
Los Angeles, CA 90049
(Henry Company LLC)

Guy R. Gruppe, Esq.
Eric P. Weiss, Esq.
Joshua W. Praw, Esq.
Murchison & Cumming, LLP
801 S. Grand Ave., 9th Flr.
Los Angeles, CA 90017-4613
(Omega Industrial Supply, Inc.)

Lindsay Weiss, Esq.
Hilda A. Akopyan, Esq.
Manning Gross + Massenburg LLP
444 S. Flower St., Suite 2150
Los Angeles, CA 90071
(Illinois Tool Works Inc.)

John D. Barrett, Esq.
Parker • Stanbury LLP
444 S. Flower St., 19th Flr.
Los Angeles, CA 90071
(Cotto-Waxo Company)

Susan W. Gilefsky, Esq.
Mary T. McKelvey, Esq.
Matthew S. O'Brien, Esq.
Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(Arkema, Inc.)

Updated 06/11/21 nsv

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

3

**NOTICE OF ORDERS MADE ON JANUARY 28, 2022**

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

## BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

## DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. January 2010)                                                      Page 2 of 4

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:                              Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:                              Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____

_____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

_____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use
L1270 (Rev. January 2010)

California Rules of Court, rule 3.221